OMB 1103-0018 2/29/04

| AWARD/CONTRACT | 1. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 350) | RATING | PAGE | OF | PAGES |
|---|---|---|---|---|---|
| | | | 1 | | 336 |

| 2. CONTRACT (Proc. Inst. Ident.) NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQUEST/PROJECT NO. |
|---|---|---|
| MS-02-D-0001 | 10/01/01 | See Task Orders |

**5. ISSUED BY** CODE

U.S. Marshals Service
Judicial Security Contracts, CS 3, Suite 600
600 Army Navy Drive, Arlington, VA 22202-4210

**6. ADMINISTERED BY (If other than Item 6)** CODE

**7. NAME AND ADDRESS OF CONTRACTOR (No. street, county, state and ZIP Code)**

Akal Security Services
PO Box 1197
Santa Cruz, NM  87567

PHONE:   (505\753-7832

**8. DELIVERY**
☐ FOB ORIGIN   ☐ OTHER (See below)

**9. DISCOUNT FOR PROMPT PAYMENT**
NET 30

**10. SUBMIT INVOICES** (4 copies unless otherwise specified) TO THE ADDRESS SHOWN IN:  ITEM  SECTION G

| CODE | | FACILITY CODE | |
|---|---|---|---|

| 11. SHIP TO/MARK FOR | CODE | 12. PAYMENT WILL BE MADE BY | CODE |
|---|---|---|---|
| AS SPECIFIED ON INDIVIDUAL TASK ORDERS | | AS SPECIFIED ON INDIVIDUAL TASK ORDERS | |

**13. AUTHORITY FOR USING OTHER FULL AND OPEN COMPETITION:**
☐ 10 U.S.C. 2304(c)( )   ☐ 41 U.S.C. 253(c)( )

**14. ACCOUNTING AND APPROPRIATION DATA**
AS SPECIFIED ON INDIVIDUAL TASK ORDERS

| 15A. ITEM NO. | 15B. SUPPLIES/SERVICES | 15C. QUANTITY | 15D. UNIT | 15E. UNIT PRICE | 15F. AMOUNT |
|---|---|---|---|---|---|

Court Security Services for the Fifth Judicial Circuit in accordance with Solicitation # MS-01-R-0006, dated March 16, 2001; Amendments #A001, #A002, #A003, #A004, A005 and #A006; contractor's original technical proposal dated April 27, 2001; contractor's final technical proposal and response to technical discussion questions, dated June 15, 2001; contractor's business proposal dated May 18, 2001 and contractors response to business discussions dated June 29, 2001 and the attached Condition of Award, which are hereby incorporated into Contract # MS-02-D-0001 by reference. Contractor's Section K - Representations and Certifications, submitted as part of the original business proposal, dated May 18, 2001 are also hereby incorporated into this contract by reference.

**15G. TOTAL AMOUNT OF CONTRACT**  ▶  $5,903,012.64

## 16. TABLE OF CONTENTS

| (✓) | SEC. | DESCRIPTION | PAGE(S) | (✓) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | **PART I — THE SCHEDULE** | | | | **PART II - CONTRACT CLAUSES** | |
| ✔ | A | SOLICITATION/CONTRACT FORM | 3 | ✔ | I | CONTRACT CLAUSES | 7 |
| ✔ | B | SUPPLIES OR SERVICES AND PRICE/COST | 11 | | | **PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH.** | |
| ✔ | C | DESCRIPTION/SPECS./WORK STATEMENT | 36 | ✔ | J | LIST OF ATTACHMENTS | 304 |
| ✔ | D | PACKAGING AND MARKING | 1 | | | **PART IV - REPRESENTATIONS AND INSTRUCTIONS** | |
| ✔ | E | INSPECTION AND ACCEPTANCE | 2 | | K | REPRESENTATIONS, CERTIFICATIONS | |
| ✔ | F | DELIVERIES OR PERFORMANCE | 5 | | | AND OTHER STATEMENTS OF OFFERORS | |
| ✔ | G | CONTRACT ADMINISTRATION DATA | 10 | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| ✔ | H | SPECIAL CONTRACT REQUIREMENTS | 9 | | M | EVALUATION FACTORS FOR AWARD | |

*CONTRACTING OFFICER WILL COMPLETE ITEM 17 OR 18 AS APPLICABLE*

**17. ☐ CONTRACTOR'S NEGOTIATED AGREEMENT** (Contractor is required to sign this document and return _2_ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all the services set forth or otherwise identified above and on any continuation sheets for the consideration stated herein. The rights and obligations of the parties to this contract shall be subject to and governed by the following documents: (a) this award/contract, (b) the solicitation, if any, and (c) such provisions, representations, certifications, and specifications, as are attached or incorporated herein. (Attachments are listed herein.)

**18. ☐ AWARD** (Contractor is not required to sign this document.) Your offer on Solicitation Number MS-R-01-0006, including the additions or changes made by you which additions or changes are set forth in full above, is hereby accepted as to the items listed above and on any continuation sheets. This award consummates the contract which consists of the following documents: (a) the Government's solicitation and your offer, and (b) this award/contract. No further contractual document is necessary.

| 19A. NAME AND TITLE OF SIGNER (Type or print) | 20A. NAME OF CONTRACTING OFFICER |
|---|---|
| DAYA S. KHALSA SR. V.P. | JOHN E. KRAUS |
| 19B. NAME OF CONTRACTOR | 19C. DATE SIGNED | 20B. UNITED STATES OF AMERICA | 20C. DATE SIGNED |
| *(Signature of person authorized to sign)* | AUG 3 0 2001 | BY *(Signature of Contracting Officer)* | AUG 3 1 2001 |

NSN 7540-01-152-8069
PREVIOUS EDITION UNUSABLE

26-107
Computer Generated

STANDARD FORM 26 (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.214(a)

**Condition of Award**                                    SF26 page 2 of 336
Contract # MS-02-D-0001
Fifth Judicial Circuit Court Security Officer Contract
Contractor: Akal Security

1.   The following corrections are made to Section B.

     Page 8 of 16, the total number of Northern District of Texas at 341 Pine Street is corrected
     from 0(0ft/0sh) to 1(1ft/0sh)

     Page 12 of 12, delete the Corpus Christi sites located at 521 Star St., Leopard and Broadway
     Sts. And 606 N. Caranchua St.  Add the site located at 1133 N. Shoreline Blvd. Corpus
     Christi, Tx.  Transfer the CSOs located at the deleted Corpus Christi sites to the new site.

     Page 15 of 17 the total number of CSOs located in the Western District of Texas at 655 E.
     Durango Blvd., San Antonio, Texas is changed from 10(9ft/1sh) to 11(10ft/1sh) and 727 E.
     Durango Blvd., San Antonio, Tx is changed from 7(6ft/1sh) to 6(5ft/1sh).

2.   Section G is amended to include Justice Acquisition Regulation Clause 2852.201-70
     Contracting Officer's Technical Representative (COTR) (JAN 1985) and the Contracting
     Officer for Administration, as attached.

3.   Subject to an appropriation of FY02 funds by Congress.

4.   ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.

Condition of Award
Contract No. MS-02-D-0001
Fifth Judicial Circuit Court Security Officer Contract
Contractor: Akal Security

     (a) The following USMS personnel are hereby designated to act as Contracting Officer's Technical Representative (COTR) under this contract.

Eastern District of Louisiana
G-48 U.S. Courthouse
777 Florida St.
Baton Rouge, LA. 70801
Attn:█████████ *b6*
Phone:
Fax: (504)589-4028

Middle District of Louisiana
G-48 U.S. Courthouse
500 Camp St.
New Orleans, La. 70130
COTR:█████████
Phone:
Fax:(225)389-0370

Western District of Louisiana
U.S. Courthouse Suite 1202
300 Fanin St.
Shreveport, LA. 71101-6304
COTR:█████████ *b6*
Phone:█████████
Fax: (318)676-4203

Northern District of Mississippi
348 Federal Bldg.
911 Jackson Ave..
Oxford, MS. 38655
COTR:█████████
Phone:█████████
Fax: (662)234-0219

Southern District of Mississippi
Rm. 305 James O. Eastland Bldg.
245 East Capital St.
Jackson, MS. 39201
COTR:█████████ *b6*
Phone:█████████
Fax:(601)965-4245

Northern District of Texas
Earl Cabell Bldg.
1100 Commerce St., Rm. 16F47
Dallas, Tx. 75242
Attn:█████████
Phone:█████████
Fax:(214)767-4974

Eastern District of Texas
116 Jack Brook Federal Bldg.
300 Willow
Beaumont, TX. 77701
Attn:█████████ *b6*
Phone:█████████
Fax: (409)839-2585

Eastern District of Texas
305 Federal Bldg
211 West Fergson St. 75702
Tyler, TX 75710
Attn:█████████
Phone:█████████
Fax:(903)590-1379

Southern District of Texas
10130 U.S. Courthouse
515 Rusk Ave.
Houston, TX. 77002
Attn:█████████ *b6*
Phone:█████████
Fax:   (713)718-4813

Western District of Texas
235 U.S. Courthouse
655 East Durango Blvd.
San Antonio, TX. 78206
Attn:█████████
Phone:█████████
Fax:(210) 472-6123

B)The COTR is responsible, as applicable, for: receiving all deliverables, inspecting and accepting the supplies or services provided hereunder in accordance with the terms and conditions of this contract; providing direction to the contractor which clarifies the contract effort, fills in details or otherwise serves to accomplish the contractual Scope of Work; evaluating performance; and certifying all invoices/vouchers for acceptance of the supplies or services furnished for payment.

C)The COTR does not have the authority to alter the contractor's obligations under the contract, and/or modify any of the expressed terms, conditions, specifications, or cost of the agreement.  If as a result of technical discussions it is desirable to alter/change contractual obligations or the Scope of Work, the Contracting Officer shall issue such changes.

## G-2 CONTRACT ADMINISTRATION

The primary contact administration office (CAO) and designated Contracting Officer for the Fifth Judicial Circuit is changed to reflect Donnell R. Sam as the Contracting Officer.

## SECTION B

## SUPPLIES OR SERVICES AND PRICES / COSTS

### B-1   DESCRIPTION OF SERVICES

(a)     The Contractor shall provide all management, supervision, manpower, material, supplies, and equipment, except as otherwise provided, and shall plan, schedule, coordinate, and assure effective performance of security services at the place of performance in accordance with the terms, conditions and statement of work contained herein.

(b)     The costs for services required by Lead Court Security Officers (LCSOs) and Court Security Officers (CSOs) have been divided into three separate categories. Each category is defined as follows:

(1)     *Category One (Basic Hourly Rate)* - Rate for all court security services performed, except overtime, Sunday through Saturday, including holidays if the courthouse should be open. Also included in this rate is time estimated for CSOs to undergo medical exams (ref. para. C-8) and weapons proficiency tests (ref. C-10).

(2)     *Category Two (Start-up Rate)* - The start-up rate is a fixed cost. This category of costs includes *all* yearly Contractor expenditures for LCSO and CSO's uniforms, weapon qualifications, range costs, and medical examinations required to demonstrate that the individual meets the minimum medical standards.

If the Government elects to provide medical examinations during the performance of the contract, there will be a downward adjustment to start-up costs including associated overhead, general and administrative costs and profit. See Section C-8, *Medical Standards and Procedures.*

The Government is responsible for paying start-up costs for each contract period and for each LCSO and CSO when:

(a)     the Contracting Officer enhances the number of positions; or

(b)     the Contractor is required to hire replacement pursuant to one of the conditions stated in Section C-30, *Turnover.*

B - 1

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                           Contractor:Akal Security

For LCSOs or CSOs who have started work less than four months prior to the new contract period the Contractor is not entitled to start-up costs. Additionally, during the contract transition phase only, the Contractor will bear the costs of background investigations for new LCSO or CSO applicants in the amount of $1,895.00, unless the Contractor can substantiate that an offer for employment was made to an incumbent LCSO or CSO and that offer was rejected. The Government will assess the amount from the Contractor's invoice. The amount of $1,895.00 represents the additional costs of the Government performing background checks on a new applicant.

The anniversary date for each LCSO and CSO will default to December 31 after his or her first year. All start-up requirements for new uniforms, weapons, and medical qualifications shall be completed for all personnel, except those having come on board during the previous six months, no later than December 31 of each year.

(3)     *Category Three (Overtime Rate)* - The Government will pay overtime when the LCSO or CSO is required by the Contracting Officer's Technical Representative (COTR) to work more than a 40-hour work week. (See Section C-19, *Overtime and Holidays.*)

(c)     A successor contractor to a Collective Bargaining Agreement is not required to maintain wages and benefits provided under a Collective Bargaining Agreement (CBA), after the base contract period.

(d)     The Contractor shall provide actual unburdened hourly rate and fringe benefits for LCSOs and CSOs at the beginning and end of each contract or option period and upon request by the Contracting Officer at any other time. The Contractor waives any objection to the USMS use of such data, including disclosure to offerors during any future solicitation process.

## B-2    ESTIMATED QUANTITIES

(a)     The Government will order and the Contractor shall furnish the stated minimum quantity of supplies or services as described in Section H-10, *Quantities for Minimums and Maximums.*

(b)     The Government's estimated ceilings will be specified in each individual task order.

United States Marshals Service        Fifth Judicial Circuit        Contract Number MS-02-D-0001
Judicial Security Division                                           Contractor:Akal Security

(c)     The Government reserves the right to remove services from any individual district, as long as this removal does not cause the Government to fail to order the guaranteed minimum number of hours under the contract.

### THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY.
*(Pages B-4 through B-9 are the USM 69s, Specification and Pricing Proposal Sheets for the 5ᵗʰ Judicial Circuit)*

B - 3

## SECTION C

## DESCRIPTION / SPECIFICATIONS / STATEMENT OF WORK

### C-1   BACKGROUND

(a)   One of the major responsibilities of the United States Marshals Service (USMS) is to ensure the safety of all federal courts and court employees against unauthorized, illegal, and potentially life-threatening activities. Security coverage is also extended to other components of the judicial system, i.e., U.S. Tax Court, U.S. Court of Veterans Appeals, Executive Office for U.S. Attorneys, U.S. Court of Military Appeals, etc., via inter-agency agreements. For more than a decade, the USMS has sought the services of the private sector to provide highly qualified, highly skilled individuals to assist in this effort. These individuals are traditionally known as Court Security Officers (CSOs), and their duties are classified as court security services. Individuals hired under an inter-agency agreement are designated Special Security Officers (SSOs). SSOs are required to meet the same criteria as CSOs, however, contract oversight and management responsibilities lie specifically with the respective agencies not the USMS.

(b)   The Judicial Security Division, Judicial Protective Services has overall responsibility for orchestrating federal court security activities throughout the United States and its territories.

### C-2   GENERAL SCOPE

Except as otherwise specified herein, the Contractor shall provide all necessary manpower, supervision, transportation, equipment, and clothing, not provided by the Government (See Section C-26, *Government Furnished Property*), to perform court security services for each USMS district covered by this contract. During the term of this contract, including any extensions, the security coverage required may change and the requirement for services may increase or decrease. Any such changes in the extent of coverage required shall be provided in writing to the Contractor by the Contracting Officer.

### C-3   CONTRACTOR'S PURCHASING SYSTEM

The Contractor's purchasing methodology shall obtain maximum competition between vendors and subcontractors in purchasing of all uniforms, travel arrangements and other services associated with the performance of this contract.  For purchases over $2500, the Contractor shall solicit offers from at least three vendors or subcontractors.  The Contractor shall have no financial interest in any vendor or subcontractor it utilizes under this contract.

United States Marshals Service
Judicial Security Division

Fifth Judicial Circuit

Contract Number MS-02-D-0001
Contractor: Akal Security

## C-4  GOVERNMENT REIMBURSEMENTS

The Government will reimburse the Contractor for supplemental uniforms and travel expenses approved by Judicial Protective Services and authorized by the Contracting Officer.  Reimbursement will be at cost.  The Contractor shall not apply any other charges nor profit or fee to the items being purchased.  The Contractor's purchase shall be at the lowest attainable price.  In cases where it is shown to be more cost effective (or to meet operational requirements more effectively) the Government will execute the purchase.

## C-5  CONTRACTOR PERSONNEL AND DUTIES

(a)  **Contract Manager:**

(1)  The Contractor shall provide a Contract Manager that is dedicated **solely** to this contract during its term for the administration and technical supervision of all Contractor employees.  Management is considered critical; therefore, the Contractor Manager shall be available on a 24-hour basis by way of a pager and telephone system.  The Contractor shall also maintain a sufficient administration staff to carry out all administration functions in a timely fashion.

(2)  The Contract Manager shall be responsible for ensuring that all contractor employees adhere to the performance standards set forth in Section C-13, *CSO Performance Standards*, and shall enforce adherence by all employees. The Contract Manager shall serve as the single point of contact through which all Contractor/Government communications, work, and technical direction shall flow, except in cases of an emergency. The Contract Manager must have the authority to make decisions on behalf of the company, such as in personnel related issues. The Contract Manager shall receive and execute on behalf of the Contractor technical direction from the COTR, in accordance with the terms and conditions of the contract.

(3)  The minimum qualifications of the Contract Manager are as follows:

(i)  Be a citizen of the United States of America;

(ii)  Be able to read, write and speak the English language fluently;

(iii)  Possess a Bachelor's degree or have five years of managerial experience with projects similar in size and scope to this contract; and,

**C - 2**

(iv)   Be able to clear the background investigation mandated for CSO applicants (See Section C-25, *Background Investigations*.)

(a)   Be free from conviction of a misdemeanor crime of domestic violence in accordance with Title 18, Section 922(g)(9) of the United States Code. The term "convicted" is generally defined in the statute as excluding anyone whose conviction has been expunged, set aside, or pardoned.

(4)   When a Contract Manager is unavailable due to illness, vacation, or other reason, the Contractor shall designate another, equally skilled, experienced and empowered, individual to fully act in the Contract Manager's capacity. The individual designated to act as the Contract Manager must also meet the Contract Manager's minimum qualifications.

(5)   The Contract Manager will not be required to personally qualify as a CSO. However, the Government reserves the right to make final approval of the individual proposed to serve as the Contract Manager.

(b)   **Site Supervisors:**

(1)   The Contractor shall provide a Site Supervisor at the Districts/Sites indicated in Section B, *Specification and Pricing Proposal Sheets,* and as otherwise directed by the Government. Site Supervisors shall oversee and manage the day-to-day operations of the CSO workforce at their respective district, unless otherwise directed by the Contracting Officer. The Site Supervisor shall be responsible for overall quality control of the security services provided by the CSOs. At a *minimum,* the Site Supervisor shall visit each facility within a district where CSOs are assigned at least three times per quarter. A Site Supervisor is required in any District that meets the following criteria:

(i)   Have at least 50 positions. *If a district meets this criterion, there is no minimum limit on the number of sites.*

(ii)   Have at least 30 positions and three or more sites.
(iii)   Have more than five sites.

If a District should meet one of the above criteria during the life the contract, the Contractor shall provide a Site Supervisor within 30 days after the criteria is met at no additional cost to the Government.

(2)   Individuals proposed as Site Supervisors must possess at least five years of

C - 3

supervisory experience and meet the minimum CSO qualification requirements.

(c)   **Lead Court Security Officers (LCSO)**:

(1)   The Contractor shall provide an LCSO at each facility. For facilities operating on a 24-hour basis, the Contractor shall provide three LCSOs.

(2)   The LCSO shall coordinate daily activities at their respective facility directly with the COTR to:

(i)   determine any changes which may be required in the daily routine;

(ii)   assure all CSOs are in proper uniform and all Government issued equipment and property is accounted for;

(iii)   provide a direct degree of supervision for the daily work of the CSOs; and

(iv)   act as liaison between the Contract Manager, Site Supervisor and the COTR.

(3)   The LCSO shall function simultaneously as a full-time working CSO. In the absence of the LCSO, the Contractor shall promptly designate a substitute LCSO.

(d)   **Court Security Officers (CSO)**:

(1)   The Contractor shall provide qualified CSOs at each district facility designated by the Government. It is the express intention of the USMS to maintain consistency in CSO duties in order to provide the maximum amount of security possible. In this regard, the Contracting Officer's Technical Representative (COTR) in each district will supply the Contractor with post orders/standard operating procedures for each CSO station. It is understood by both parties that all duties required of the CSO shall be within the scope of the work required by this contract, which is to provide for the complete safety and security of judges, court personnel, jurors, witnesses, defendants, federal property and the public. The following indicates the nature of duties required to meet these security needs, but is not intended to be all inclusive:

(i)   *Entrance Control* - The CSO shall enforce the district's identification system. This shall include operating security screening equipment and checking such items as handbags, packages, baby carriages, wheel chairs,

C - 4

etc., to detect weapons or contraband. All confiscated items shall be turned over to the COTR or designee. In addition, a written report, giving the complete details of the confiscation, shall be prepared by the CSO and provided to the COTR.

(ii)  *Roving Patrol* - The CSO shall patrol court facilities in accordance with routes and schedules provided by the COTR.

(iii)  *Posts* - The CSO shall stand stationary posts. This may include monitoring closed circuit television, duress alarm systems or other such equipment, courtrooms, judges' chambers, jury rooms. During official duty, CSOs shall limit their conversations to official business. Watching television, listening to portable and personal radios, reading books, newspapers and any material not associated with official business is prohibited during post assignment. Additionally, loitering of unauthorized personnel will not be allowed at an official post.

(iv)  *Escort Duties* - CSOs shall provide armed escort services for judges, court personnel, jurors, and other designated individuals, when directed to do so by the COTR. Generally, this includes, but is not limited to, providing an escort from one room to another, one floor to another, or from one facility to another facility, garage or parking area. Additionally, as authorized and approved by the COTR or the COTR's designee, CSOs may be required to travel and drive these individuals in Government owned vehicles. CSOs shall not provide armed escort services for the movement and protection of money.

(v)  *Law and Order*

(A)  In performance of the duties listed above, the CSO shall be responsible for apprehending and detaining any person attempting to gain unauthorized access to Government property or court proceedings. The CSO must also take whatever action is necessary to stop and detain any individuals attempting to commit acts that imperil the safety and security of Government employees, property and the general public.

(B)  After apprehension of a person suspected of committing a criminal offense, the suspect will be turned over to the U.S. Marshal or designee. The CSO will prepare an incident report and may be called as a witness. Time spent as a witness resulting from duties as

a CSO (including travel time and expenses when the witness site is not the same location where the CSO regularly works) will be treated as if the CSO was at his normal duty station. The Government will pay the appropriate contract rate reduced by the amount of any witness and travel fees paid by the court to the CSO.

(vi)   *Attend Level I and II Proceedings* - The following duties are only to be performed in support of proceedings classified as Level I and Level II, which are based on the sensitivity and risk of the court proceeding. The U.S. Marshal will determine the proceedings' classification and when or if CSOs will be utilized.  In the event the proceeding is classified as a Level I or II, the CSO shall escort juries or jurors accordingly within the court facility, call jurors and witnesses, and assist with custody of evidence.

For definition purposes, both levels are described as follows:

(a)   *Level I* - A Level I risk environment is generally ruled when a civil proceeding is determined to be a low risk,  nonhazardous situation, e.g., there are no indications of potential disruption or violence in the courtroom. This security level also applies to criminal pretrial proceedings when the defendant is not present in the courtroom, i.e., motions before the court, and there are no indications of a possible disruption or violence in the courtroom.

(b)   *Level II* - A Level II risk environment is generally occurs when a civil proceeding is determined to have indications of the potential for disruption or violence in the courtroom.  All criminal trial proceedings that require a defendant to be present start at this level.

(vii)  *Attend the Court* -Secure courtroom when unattended; inspect courtrooms prior to proceedings; test security devices and report status to the COTR; and attend to other duties concerning security of the court when assigned by the COTR.

(viii) *Preserve Order* - Provide security presence in the courtroom; enforce federal law and judicial orders within the courtroom; enforce local court rules regarding cameras and recording devices; provide technical assistance on security matters; and provide protection to court proceedings as circumstances dictate.

(ix)   *Serve as Court Messenger* - Assist the presiding judge or clerk of the

court with official messages or other official items related to judicial proceedings.

(x) *Other Court Security Duties* - Perform other court security related duties within the general scope of this contract, as directed by the COTR.

(xi) *Reports and Records* - The Contractor shall prepare and submit to the COTR or the designee daily reports on any accidents, fire, bomb threats, unusual incidents or unlawful acts that occurred. Report writing includes maintaining a daily log of such incidents. See Section C-29, *Mandatory CSO Reports*. CSO logs shall be available for Government inspection at all times. All incident reports shall be provided to the COTR, with a copy to the Judicial Protective Services office on a *CSO Incident Report* Form, Attachment 3(I).  Confiscated items shall also be reported on the CSO Incident Report Form.

(xii) *Garage Parking and Pedestrian Control* - Where applicable, the CSO shall direct traffic and control lights as described in the post orders/standard operating procedures. If  traffic is controlled by the CSO, the CSO shall be tactful and courteous at all times when issuing warnings to individuals who violate facility parking regulations. The CSO shall report abandoned vehicles to the COTR.

(xiii) *Telephone Usage* - The CSO shall only answer and make official business calls on telephones located at official CSO posts.

(xiv) *Lost and Found* - The CSO shall turn over any articles found in a courthouse or designated facility to the COTR.

(2) Section B, "Supplies or Services and Prices/Costs," specifies the initial number of positions at each facility. A position requires the Contractor to provide one CSO 40-hours each week (Sunday through Saturday), less Federal holidays and other days when the court is closed. The number of positions may increase or decrease during contract performance in accordance with the direction provided by the Contracting Officer.

(3) *Full-Time/Shared Positions*:

The Contractor shall provide CSO coverage by using a combination of full-time positions and shared positions. Full-time positions are positions where the CSO is scheduled to fill that position for a 40-hour work week, 52 weeks per year,

C - 7

excluding holidays. Shared positions are also 40-hour work week positions that are filled by two (2) CSOs for a combined total of 40 hours per week.  The Contractor shall use shared CSO positions to: (1) provide full staffing level coverage; (2) increase security levels as needed; and (3) avoid unnecessary overtime.

(4)     The USMS normally requires at least one shared position for each facility with five or fewer CSOs. In the event that a facility has only one CSO position, this position may be classified as a shared position. It is the Government's intent to allow a shared position for every five full time positions within the district.

(5)     Each facility generally includes a mix of shared positions and full-time positions. Where a facility does not meet the ratio described in paragraph four above at the time of contract award, the USMS *may* initiate action to make the facility meet the ratio as vacancies or new positions occur. After the award, any additional shared positions must be authorized in advance by the USMS.

## C-6  CSO QUALIFICATION STANDARDS

The Contractor shall provide CSO personnel that meet the following minimum qualifications:

(1)     Be a citizen of the United States of America.

(2)     Be 21 years of age. While there is no maximum age limit for CSO positions, all applicants must be able to withstand physical demands of the job and be capable of responding to emergency situations.

(3)     Be a high school graduate or have a GED or equivalency.

(4)     Be able to speak fluently, read, and write the English language or any other any other language determined to be necessary by the U.S. Marshal of the district where the services are to be performed.

(5)     Possess or be able to obtain a valid state drivers permit for the state where services are to be performed, and have a safe driving record for the past five years.

(6)     Have at least three calendar years of verifiable experience as a certified law enforcement officer or its military equivalency; provided the experience includes general arrest authority (experience does not have to be consecutive).

General arrest authority is defined as the authority conveyed upon a person to make felony arrests of persons not under a custodial arrangement (prisoner, probation or parole violator) throughout a valid jurisdiction. The state or federal codes specific to the persons qualifying experience will be used to determine the CSO applicant's arrest authority. The CSO applicant's arrest authority shall be verified by the Contractor prior to submitting the application for approval.

(7) Be free from conviction of a misdemeanor crime of domestic violence in accordance with Title 18, Section 922(g)(9) of the United States Code. The term "convicted" is generally defined in the statute as excluding anyone whose conviction has been expunged, set aside, or pardoned.

## C-7   TRAINING STANDARDS

(a) The Contractor shall ensure that each individual designated to perform as a CSO successfully completed or graduated from a certified federal, state, county, local or military law enforcement training academy or program that provided instruction on the use of police powers in an armed capacity while dealing with the general public. Certificates or diplomas must be recognized by federal, state, county, local or military authorities as certification that an individual is eligible for employment as a law enforcement officer. In addition, individuals with five years of military experience involving functions similar to those previously described may also be considered. In cases where a CSO applicant did not receive a certificate of law enforcement training, a signed statement from a supervisory official of the department or agency indicating that an applicant was employed as a law enforcement officer and that no certificate was issued will suffice. The statement must include all dates of employment the individual served in a law enforcement capacity. The Contractor shall include a copy of the signed statement with the CSO application.

(b) In addition to the above, the Contractor shall provide annually 8-hours of training to all CSOs. Such training shall reinforce the CSO ability to perform the job functions noted in this contract. Topical areas of instruction shall include, at a minimum, threat image/explosive device detection, handling unruly persons, emergency response training, and other sensitivity training associated with screening, etc. The training provided must not conflict with any United States Marshals Service policies or procedures.

(c) Upon completion of this training, the contractor shall annually certify in writing to the Chief, Judicial Protective Services, that all CSOs have been trained as required in paragraph b.

(d)    The USMS will pay the Category 1 rate for each CSO and LCSO during the training. The contractor shall include in overhead all other costs of training such as travel for trainers, materials, handouts, etc. The training will be scheduled through the USMS COTR to coincide with periods of decreased courthouse activity. The contractor shall provide a training outline and/or syllabus to the Contracting Officer for approval prior to the scheduling of training.

## C-8  *MEDICAL STANDARDS AND PROCEDURES*

(a)    The medical condition of the CSO workforce is critical to the overall safety of the judiciary. To ensure that each CSO is medically qualified to perform in a CSO capacity, all prospective contract CSO employees shall undergo and pass the required USMS pre-employment medical examination. In addition, all contract CSO employees must undergo and pass an annual reexamination during the life of the contract. CSO employees removed from duty as a result of injury, illness, suspension, or resignation may also be required to obtain a medical examination before resuming a CSO position. Under such circumstances, the cost to conduct a follow-up examination shall be borne by the Contractor. The Contractor shall ensure that all posts are covered during extended medical absences.

(b)    The Contractor shall establish and maintain designated licensed physicians to perform and document such medical examination on all CSO employees on behalf of their company. The Contractor shall designate two licensed physicians for each city in a given district. Designated physicians must possess a current license in the United States or a United States possession. In addition, all designated physicians must be approved in advanced by the USMS before they can provide examination services. The USMS also reserves the right to disqualify physicians for unsatisfactory performance.

(c)    To qualify a physician as a designated CSO medical examination physician, the Contractor shall submit to the USMS for review and acceptance a detailed resume of the physician's credentials and employment history and written certification that the credentials of the respective physician have been verified for accuracy and authenticated by accrediting agencies, medical schools, residency training programs, licensing boards, and other data sources. The Contractor shall not permit prospective examining physicians to perform medical examinations on their behalf until the USMS Medical Officer concurs and the USMS grants final approval in writing. In addition, the Contractor shall submit written certification annually that each designated examining physician continues to possess current licenses and state board certifications to practice in their field of expertise.

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                                 Contractor:Akal Security

(d)     Medical examination findings shall be submitted within the established time frame
        (required with each personnel application or by December 31 of each subsequent
        year) to Judicial Protective Services for final review and approval. Contractor
        entitlement for actual costs incurred in the conduct of individual CSO medical
        examinations will be expressly limited to basic examination costs as detailed in
        Category 2 authorizations and will not apply to any follow-up procedures resulting
        from the USMS Medical Officer's review. Costs associated with follow-up
        examinations or additional visits to the examining physician will be borne by the
        Contractor. At any point during the performance of this contract, the Government
        reserves the right to delete the requirement that the Contractor provide pre-
        employment and annual medical exams and have the services provided by the
        Government. If the Government elects to provide medical examinations during the
        performance of the contract, there will be a downward adjustment to start-up costs
        including associated overhead, general and administrative costs and profit.

(e)     Each applicant must meet the health certification requirements listed in the USM-229,
        *Certificate of Medical Examination for Court Security Officers* form, Attachment 2F,
        and the medical standards outlined below. No CSO employee shall be allowed to
        perform services under the CSO program until this certificate has been submitted to
        and approved by the Judicial Protective Services Program. Failure to meet any one of
        the required medical and/or physical qualifications will disqualify any employee for
        appointment or continuation under the contract. If a CSO fails to meet the medical
        and/or physical standards upon reexamination, the CSO shall be relieved of duties
        until the problem is corrected or the employee is officially removed from the CSO
        Program. If relieved for medical reasons, the Government shall not be liable to pay
        for hours unworked during illness. Contractor employees found to have a correctable
        condition may be eligible for reappointment when the disqualifying condition is
        satisfactorily corrected or eliminated. The Contractor shall ensure that CSO
        employees comply with the USMS Medical Officer's request for follow-up or
        clarifying information regarding treatment measures. All requests from the USMS
        Medical Officer for additional information must be responded to within thirty days
        from the date of the request, unless a specific written extension is authorized by
        Judicial Protective Services. Failure to provide the requested information to the
        USMS Medical Officer could result in a determination of medical disqualification.

(1)     Vision - Corrected distant visual acuity must be 20/30 or better, as measured
        with both eyes viewing (binocular). Corrected distant visual acuity must be
        20/125 or better in the worst eye. Ability to distinguish basic colors, as well as,
        shades of color is required as is normal peripheral vision.

C - 11

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division      Contractor: Akal Security

(2)   Hearing – Using an audiometer for measurement, testing each ear separately, there should be no loss greater than 30 decibels at 500, 1000, 2000, 3000 and 4000 Hz, no loss greater than 40 decibels at 3000 Hz, and no loss greater than 50 decibels at 4000 Hz. The use of a hearing aid is permitted. However, additional testing will be required to determine if the standards can be met.

(3)   Cardiovascular System - Any condition which significantly interferes with heart function may be disqualifying. Examples of conditions which may be disqualifying are hypertension with repeated readings which exceed 150 systolic and 90 diastolic, symptomatic peripheral vascular disease and severe varicose veins.

(4)   Respiratory System - Any condition which significantly interferes with breathing capacity may be disqualifying.

(5)   Gastrointestinal System - Any disease or condition that requires rigid diets may be a disqualifying factor. An ulcer active within the past year may also be disqualifying.

(6)   Genitourinary System Disorders - Any functional disorder rendering the person incapable of sustained attention to work tasks, i.e., urinary frequency and secondary discomfort, may be disqualifying.

(7)   Hernias - Inguinal and femoral hernias, with or without the use of a truss, may be a disqualifying factor. Other hernias may be disqualifying if they interfere with the performance of the duties of the position.

(8)   Nervous System - Dysfunction of the central and peripheral nervous system which significantly increases the probability of accidents and/or potential inability to perform a variety of physical tasks may be disqualifying.

(9)   Endocrine System - Any functional disorder rendering the person incapable of sustained attention to work tasks may be disqualifying.

(10)   Speech - Permanent and significant conditions which results in indistinct speech may be disqualifying.

(11)   Extremity's & Spine - Disorders affecting the musculoskeletal system which significantly prevents the individual from meeting basic movement, strength, flexibility requirements, use of extremities (fingers and toes) and coordinated balance may be disqualifying.

    (12) <u>Miscellaneous</u> - Though not mentioned specifically above, any other disease or condition which interferes with the full performance of position duties may be disqualifying.

(f)    The Government reserves the right to incorporate revised medical qualifications at a later date.

## C-9  PHYSICAL STANDARDS

(a)    <u>Physical Demands</u> - The work requires frequent and prolonged walking, standing, running, sitting, and stooping. A CSO may be required to subdue violent or potentially violent people. Physical stamina in all of its forms (mental, climatic, etc.) is a basic requirement of this position. Any individual who cannot meet the physical requirements of the position will not be qualified to work under this contract.

(b)    *Physical Fitness* - The Contractor shall encourage its employees under this contract to maintain a fitness program. Physical well-being will assure that all CSO employees are able to tolerate the stress level associated with the CSO position and physically fit for emergencies.

(c)    The Government reserves the right to incorporate revised physical qualifications at a later date.

## C-10  WEAPONS PROFICIENCY STANDARDS

(a)    The Contractor shall test each CSO annually to determine weapons-handling proficiency.  An individual shall be deemed ineligible to serve as a CSO unless they successfully pass the appropriate weapons proficiency test. The actual test taken by an individual CSO shall be determined by the type of government-furnished weapon issued, i.e., revolvers or semiautomatics.  Upon successful completion of the test, the Contractor shall submit all weapon's proficiency certifications, USM Form 333, *Weapons Qualification and Familiarization Record*, Attachment 2(B)(1), to the respective COTR and forward a copy to the Judicial Protective Services.  The Contractor shall not make arrangements for any individual to attend the CSO Orientation session unless they have successfully completed the weapon's handling proficiency test.

(b)    The Contractor shall provide a one week notice to the COTR of the time and location of any tests to determine weapons handling proficiency. The Government reserves the right to send a representative, to be designated by the U.S. Marshal, to observe the

United States Marshals Service     **Fifth Judicial Circuit**     Contract Number MS-02-D-0001
Judicial Security Division                                                       Contractor:Akal Security

testing.

(c)     The testing shall be conducted in accordance with the applicable weapons proficiency test (See the *Handgun Qualification Course of Fire for Court Security Officers (CSOs)* form, Attachment 2(B)(2), when testing with revolvers and the *CSO Semi-Auto Handgun Qualification Course* form, Attachment 2(B)(3), when testing with semi-automatics) using a weapon furnished by the Government.

(d)     Weapons will be transported to the range site by USMS personnel or by the Contractor. Contractor employees transporting Government furnished weapons to the range site must carry a copy of written authorization to do so from the U.S. Marshal.

(e)     It is the responsibility of the Contractor, acting in coordination with the U.S. Marshal, to schedule each CSO for weapons retesting on an annual basis. The Contractor shall retest all CSO personnel by December 31 of each subsequent year and provide the results of the tests to the COTR.

(f)     The Contractor shall remove any CSO who fails to meet the initial or annual weapons qualification testing standards. Within seven calendar days after the initial testing date, the Contractor shall allow the CSO to retest up to two attempts only. If the CSO fails the test during the two subsequent attempts, the Contractor shall not permit the CSO to perform services under this contract.

## C-11 OTHER GENERAL STANDARDS

In addition to the standards mentioned herein, the Contractor shall ensure that each CSO:

(a)     Have the ability to meet and deal tactfully with judges, attorneys, Government personnel, and the public.

(b)     Have the ability to understand, explain, interpret, and apply rules, regulations, directives, and procedures.

(c)     Have poise, self-confidence, and the ability to make sound decisions and react quickly under stressful conditions.

(d)     Have the ability to prepare clear and concise reports.

(e)     Have the ability to learn and adapt to changing situations.

(f)     Have the ability to accept and respond to instruction and direction.

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                              Contractor:Akal Security

## C-12 CSO DRESS STANDARDS

(a)   *General* - The Contractor shall furnish all CSO personnel with complete and proper uniform by December 31 of each contract period. The Contractor shall ensure that all CSOs are in like attire at all times when performing CSO duties. The CSO uniform shall consist of a navy blue blazer, grey slacks, white shirt, a navy blue necktie with red and white stripes, dark socks, and low-heeled, plain toed, black shoes or boots.

(b)   *CSO Uniforms*

(1)   The Contractor may request a uniform change through the COTR to the Chief, Judicial Protective Services, for consideration and approval. Uniform deviations may only be approved in writing by the Contracting Officer.

(2)   The Contractor is responsible for the purchase and replacement of uniforms for CSOs working under this contract. Each CSO, including those occupying shared positions, shall have the following minimum number of uniform items at all times.

| Item | Issue | Specifications |
|---|---|---|
| Short Sleeve Shirt or Blouse | 3 | White, plain or button down collar. |
| Long Sleeve Shirt or Blouse | 3 | White, plain or button down collar. (No French cuffs.) |

C - 15

| | | |
|---|---|---|
| Blazer | 2 | Navy blue 3-ply tropical blend, full-cut traditional, fully lined with fine rayon or polyester, taffeta reinforced shoulder pads. The style should include a single inset pocket on the left breast, two patch pockets with flaps, a center back vent, and a two-button front closure. Salient features include cut, color, and 3-ply fabric of *55%* Dacron polyester and *45%* worsted wool. The actual weight of the material will be determined by the climatic conditions where the CSO is providing services. Colder climates may necessitate a heavier fabric with more of a wool blend. Because of the wearing of the gun under the blazer, an additional patch of material under the jacket should be provided. The women's blazer shall be identical to the men's except it shall have no center vent and plain patch pockets. |
| Trousers or Slacks | 2 | 3-ply tropical blend full-cut traditional grey. Salient features include cut, color, and 3-ply fabric which is of 55% Dacron polyester and 45% worsted wool. Colder climates may necessitate a heavier fabric with more of a wool blend. |
| Necktie | 2 | Red, white, and blue, striped tie, or clip-on necktie. (Females may wear crossover ties.) |
| Shoes and/or Boots | 1 | Black, plain toed, low heeled shoes or boots. No high heels. |
| Socks | 6 | Dark color |

(3)   Prior to performance under the contract, and annually thereafter, the Contractor shall certify in writing, to the Contracting Officer, that each CSO has been furnished the above items of dress uniform. The Government will not compensate start-up costs for a CSO until the CSO has been issued all of the above uniform items. In cases where a uniform was issued to a CSO under a previous contract award or option period, less than four months prior to the start date of the current contract, the Contractor will not be required to reissue a new uniform nor will the Government be liable to pay start-up cost for such situations.

(4)   The Contractor is responsible for purchasing and replacing uniforms worn by the CSOs when necessary. The Contractor shall use the same supplier for CSO uniforms in order to maintain uniformity of quality and appearance. If replacement of uniforms is required for currently active CSOs prior to their annual replacement date, the cost for replacement is the responsibility of the Contractor. At the completion of the contract, all uniforms shall remain the property of the Government and disposition shall be at the discretion of the COTR.

(c)   *Uniforms on Work Site*:

(1)   The Government will issue CSOs a pocket identification and name tag to be worn while on duty. The pocket identification shall be worn in the blazer breast

United States Marshals Service        Fifth Judicial Circuit        Contract Number MS-02-D-0001
Judicial Security Division                                                   Contractor:Akal Security

pocket.

(2) Long sleeve shirts or blouses will generally be worn commencing on October 1 and short sleeve shirts or blouses commencing May 1 of each year. Deviations in this requirement may be authorized by the COTR.

(3) CSO uniforms shall be worn only when the CSO is on official duty or while in transit between place of residence and duty station.

(4) CSOs may not remove jackets while on duty as this would expose their weapon. In tropical climates or in situations where extreme heat would cause a health problem if the jacket remained on, the Contractor may request a waiver of this requirement from the COTR.

(d) *Supplement Items*:

The Contractor shall equip each CSO with supplementary items that are needed to perform their duties including, but not limited to, notebooks, pens, pencils, and log books. CSOs shall not be permitted to carry any unauthorized equipment such as chemical agents, concealed weapons, or the like.

(e) *CSO Appearance*:

(1) *Hair Length* - The Contractor is responsible for assuring that CSOs maintain a neat appearance in accordance with standards set by the COTR.

(2) *Uniform* - CSOs shall be in complete uniform at all times while on duty. CSOs who are not in uniform may be relieved of duty and the Government will not be obligated to pay the Contractor during that period. CSOs who are out of uniform more than twice are subject to discipline by the Contractor and/or permanent removal from the CSO program. If a CSO is removed from duty for failure to be in uniform, the Contractor may be subject to liquidated damages.

(3) *Jewelry Restriction* - The Contractor shall ensure that all CSOs refrain from wearing any jewelry, except wrist watches, wedding/engagement and/or class rings. Any exceptions must be approved, in writing, on a case-by-case basis, by the COTR.

(f) *Uniform Variations*:

(1) Certain post assignments may be require CSOs to provide security coverage in

areas exposed to cold drafts. In such cases, the Contractor may provide a V-neck navy blue vest or sweater to be worn under the basic uniform. The Contractor shall prohibit CSOs from wearing patches or other decorative devices on the vest/sweater. Only those CSOs standing a post in an exposed area may be authorized this purchase.

(2)   Outside posts may require heavy weight outer wear and rain wear. Such wear shall be provided by the Contractor and shall only be provided to CSOs assigned to posts located in exposed weather conditions.  Only those CSOs exposed to the weather elements will be authorized cold weather gear. Winter coats (jackets or parkas) must be police duty type and must be dark navy blue or black in color. Fur type collars are optional. These coats should have securable side vents for easy access to the weapon.

(3)   Requests to provide sweaters, cold weather gear and rain wear shall be made to the COTR.  No outer wear or rain wear shall be obtained by the Contractor for a CSO until written approval is received by the Contracting Officer.

## C-13 CSO PERFORMANCE STANDARDS

(a)   _General_:

The integrity of the U. S. Courts and the USMS is dependent upon the conduct of individual CSOs. A minimum standard of performance is set forth below to provide guidance for CSOs in maintaining suitability to perform court security services within the Court Security Program.

(b)   _Responsibilities_:

(1)   Each CSO shall be required to adhere to the standards of conduct set forth below.

(2)   The Contractor shall be responsible for maintaining satisfactory standards of employee competency, conduct, appearance, and integrity and shall ensure that all its employees adhere to the Standards of Conduct (set forth below) and meet all applicable health and fitness requirements.  The Contractor shall also be responsible for taking such disciplinary action as necessary when its employees fail to meet such contract standards or requirements.  Failure to do so constitutes Contractor nonperformance.

(c)   _Performance Standards_:

All personnel required to perform on this contract shall comply with the following performance standards:

(1)    Be courteous and demonstrate good manners toward the judiciary, court employees, Government employees and the public.

(2)    Maintain a respectful and helpful attitude in all endeavors.

(3)    Maintain a neat, clean, and businesslike appearance and comply with CSO dress standards while on duty.

(4)    Report to work physically fit and mentally alert. Personnel feeling otherwise will make appropriate notification to the appropriate supervisor and request necessary relief or instructions.

(5)    Report any circumstances which may adversely affect performance on a particular assignment to their immediate supervisor, prior to the assignment.

(6)    If a Contractor employee should be detained or become aware that they are under investigation, by any federal, state or local agency, for any legal or ethical violation, they must report this to the appropriate supervisor, no later then the next working day. The designated supervisor shall immediately report the incident to the COTR, and the Judicial Protective Services, Program Support Services Team.

(7)    Ensure that weapons are concealed from view when not in use. Weapons shall not be inspected, cleaned, handled, or exchanged in public areas or in the presence of jury members, prisoners, witnesses, protected persons, family members or members of the general public. Ensure that weapons are secured in a safe place to prevent theft, tampering, or misuse when not being carried.

(8)    Not engage in any discussion concerning Government matters, policies, grievances, or personalities and financial, personal or family matters with jury members, prisoners, witnesses, protected persons, family members, the public or any known associate of the above. Not entertain, socialize, or enter into business arrangements with, give legal advice or grant special favors to, or accept gifts or payments from jury members, prisoners, witnesses, protected persons, or family members and friends of the above.

(9)    Not accept or solicit gifts, favors, or bribes in connection with official duties.

United States Marshals Service        Fifth Judicial Circuit        Contract Number MS-02-D-0001
Judicial Security Division                                                          Contractor: Akal Security

(10)   Not allow jury members, prisoners, witnesses, protected persons, or their family members and friends into their home or living quarters (temporary or permanent).

(11)   Not visit the duty site during non duty hours or allow family members and friends to visit the duty site or other operational areas. An exception may be requested in writing from the COTR.

(12)   Not gamble or enter into games of chance with prisoners, witnesses, jurors, or protected persons. Not gamble or unlawfully bet or promote gambling on Government owned or leased premises.

(13)   Not disclose any official information, except to the COTR, or other officials having a need to know, or make any news or press releases.  Press inquiries must be brought to the attention of the COTR.  This does not prohibit protected whistle blowing activities or protected union activities.

(14)   Refrain from discussions concerning duty assignment, particularly manpower, weapons, security precautions, or procedures, except with those persons having a need to know.

(15)   Comply with applicable laws while performing official duties.

(16)   Not knowingly give false or misleading statements or conceal material facts in connection with employment, promotion, travel voucher, any record, investigation, or other proper proceeding.

(17)   Not discriminate against or sexually harass members of the public, the Judiciary, other employees or engage in any prohibited personnel practices.

(18)   Ensure that financial obligations are met.

(19)   Abide by all ethical standards of the Department of Justice regarding conflict of interest, outside activities, gifts and use of federal property.

(20)   Not bid on or purchase in any manner, directly or through an agent, any property being offered for sale by the USMS or by others serving on behalf of the USMS.

(21)   Refrain from any activity which would adversely affect the reputation of the

U.S. Courts, Department of Justice, or the USMS.

(22)  Avoid personal and business associations with persons known to be convicted felons or persons known to be connected with criminal activities. This does not apply to immediate family members so long as you have notified the U.S. Marshal and the Chief, Judicial Protective Services of their status.

(23)  Avoid any criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct; habitual use of intoxicants to excess or non-prescription drugs. Except in an official capacity, neither possess nor use illegal drugs. Abstain from the consumption or possession of alcoholic beverages while on duty. Do not report for duty or work under any condition which impairs the ability to perform as expected.

(24)  Always demonstrate the highest standards of personal and moral conduct normally expected of law enforcement officers and Government employees.

(25)  Not operate a Government vehicle, or any other vehicle while on Government business, in an improper manner or under the influence of intoxicants or drugs.

(26)  Not misuse official authority, credentials, communications equipment, or weapon(s).

(27)  Not make statements about fellow employees or officials, with knowledge of the falseness of the statement or with reckless disregard of the truth.

(28)  Report violations of prescribed rules, regulations and any violations of statute or law to appropriate supervisor and/or management officials.

(29)  Not violate security procedures or regulations.

(30)  Not close or desert any post prior to scheduled closure unless directed to do so or permission is received from the supervisor. Remain at assigned post until properly relieved or until the time post is to be secured.

(31)  Always perform assignments in accordance with prescribed regulations to the best of one's ability and in accordance with safe and secure working procedures and practices.

(32)  Do not fail, unnecessarily delay, or refuse to carry out a proper order of a supervisor or other official having responsibility for your work.

(33)  Do not possess, use, lose, damage, or otherwise take Government property or the property of others without authorization of the COTR.

(34)  If assigned to conduct investigations or interviews, do so in an impartial, objective, and businesslike manner to insure fairness, both to the individual being investigated and to the USMS. When conducting investigations or interviews, employ no technique that violates the law, such as unauthorized intrusion onto private property, unnecessary destruction of property, unauthorized listening and/or recording devices, or any other activities prohibited by law or regulation.

(35)  Refrain from surreptitiously recording conversations between Government, law enforcement or contractor employees.

(36)  Conduct only official business on Government property.

(37)  Refrain from neglecting duties. This includes sleeping on duty, unreasonable delays or failures to carry out assigned tasks, conducting personal affairs during duty hours, and refusing to render assistance or cooperate in upholding the integrity of the work site security.

(38)  Refrain from use of abusive or offensive language, quarreling, intimidation by words, actions, fighting and participation in disruptive activities which interfere with normal and efficient Government operations.

(39)  Respect the offices of judges and other court officers.  CSOs must not disturb papers on desks, open desk drawers or cabinets, or use Government telephones and equipment, except as authorized.

## C-14 ALTERNATE LOCATIONS AND SPECIAL ASSIGNMENTS/TEMPORARY DUTY

(a)   Under the terms of this Contract, court security services may be required at temporary or alternate locations. The general duties required of the CSO will not change, only the location where duties are to be performed. Additionally, as authorized and approved by the COTR or the COTR's designee, CSOs may be required to travel with or drive judges, court personnel, attorneys, and jurors in Government owned vehicles.

(b)   When a CSO is required to travel or is assigned to an alternate location, the Government will reimburse travel expenses in accordance with the Government Travel Regulations (GTR). The Contractor shall complete and submit a *JMD/FS/FASSG, Travel Authorization/Advance* form, Attachment 3(F), to the COTR for approval prior to commencement of travel.  For reimbursement of travel and

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                             Contractor: Akal Security

transportation costs, the Contractor shall submit a *Travel Voucher Summary* form, Attachment 3(E)(1), as instructed in Section G of the contract.

(c)   Changing conditions within the court environment may require the addition or deletion of duties on a daily basis. Additionally, situations may arise that will require the Contractor to work overtime, if the COTR determines court security services are required beyond the normal working hours of the facility or court; however, a 40-hour work week must be completed prior to paying overtime rates.  Orders for overtime may only be placed and approved by the COTR. The Contractor shall be responsible for providing such services when notified by the COTR. During these extended periods of service, the Contractor shall also be responsible for any supervision or direction of the employee in the normal course of his security function. Any variations in duties will be conveyed to the Lead CSO.

## C-15  WORK RESTRICTIONS

(a)   The Contractor shall maintain satisfactory standards of employee competency, conduct, appearance, and integrity, and shall take such disciplinary action against its employee as may be necessary. CSOs are expected to adhere to standards of conduct that reflect credit on themselves, their employer, the USMS, and the Government, as stated in Section C-13, *CSO Performance Standards*. The Government reserves the right to direct the Contractor to remove an employee from the work site for failure to comply with the performance standards and the Contractor shall initiate immediate action to replace that employee to maintain continuity of services at no additional cost to the Government.

(b)   Except when the CSO is required to work overtime by the COTR, Contractor personnel shall not assume duties unless they have not been in a working status for a minimum of eight  hours prior to reporting for duty,

(c)   Contractor personnel shall not consume alcoholic substances on duty or a minimum of eight hours prior to reporting for duty.

(d)   Any CSO assigned to perform services under this contract shall not consume any controlled substances as defined in schedules I through V of section 202 of the Controlled Substances Act, 21, U.S.C. 812. The Contractor shall insure that CSOs taking any medication are capable of performing the requirements of the statement of work.

(e)   No CSO shall be authorized to leave their station during their shift except when the CSO is authorized to take breaks or lunch. Each CSO position will be allowed a 15-minute morning "break," a 15-minute afternoon "break," and a ½-hour lunch. When

C - 23

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                                 Contractor:Akal Security

only one CSO is assigned to a given facility, and lunch/breaks are authorized as specified herein, the Government shall assume the duties of the position (when the CSO is on an authorized break or lunch) at no expense to the Contractor. Under conditions where more than one CSO is assigned to a given facility, it is the responsibility of the Contractor to coordinate a schedule for CSOs so that security levels are maintained during break/lunch periods.

## C-16 UNFORESEEN GOVERNMENT CLOSURES

Uncontrollable or unforeseeable circumstances such as, acts of God or the public enemy, acts of the Government in either its sovereign or contractual capacity, fire, floods, epidemics, quarantine restrictions, inclement weather, special Federal or ceremonial events, may cause the Government to close. Under such circumstances the Government will not pay nor shall the Contractor bill for unworked hours.

## C-17 ADDITIONAL SECURITY COVERAGE

(a) *Special Assignments/Temporary Duty* - There may be special circumstances such as high-threat trials that require special assignment or temporary duty. The Government may request the Contractor to temporarily expand security coverage while continuing to maintain full coverage for all authorized positions. The COTR will direct the Contractor to either increase the time worked by shared position personnel, have full time CSOs work overtime, or transfer CSOs from different districts within the contract area, whichever is least costly to the Government while preserving the maximum level of security. If CSOs are transferred, the receiving location will utilize additional personnel for only the time required to complete the security for the trial or the special circumstances requiring temporary duty assignment of CSOs.

(b) The Contractor shall be notified by the Contracting Officer in writing, of the need for special assignments or temporary duty. Coordination efforts for temporary duty assignments will be the responsibility of the COTR. Travel requirements will be compensated according to Federal Travel regulations.

(c) If there is a difference between the applicable wage of a reassigned CSO's original location and that of the alternate location, the higher applicable wage rate will prevail and the Contractor shall pay the higher rate to the CSO. If there is a difference between the established contract hourly rates in effect at the two locations in question, the Contractor shall be paid the higher of the two rates by the receiving district (i.e., the district to be invoiced for the temporary duty).

## C-18 EMERGENCIES

In case of an emergency, the U.S. Marshal shall have the right to direct the activities of the CSOs in order to respond to the emergency. Emergencies include, but are not limited to, a directive from a federal judge, bomb threats, fires, or imminent personal danger to a judge, juror, witness, attorney, or other court personnel. Under no circumstances may a CSO refuse to cooperate with such directives when the U.S. Marshal determines that an emergency situation exists. The Lead CSO and the COTR shall be notified of an emergency situation and shall document such incidents to their files and make a record of it in the Daily Log as soon as practicable.

## C-19  OVERTIME AND HOLIDAYS

(a)    *Overtime*

     (1)    When court proceedings or other court functions exceed normal hours, the Contractor may be required by the COTR to work additional hours. In such cases, the COTR may request overtime orally or in writing to the Contractor.

     (2)    In the event additional hours of court security services are required on a weekend or after the normal eight-hour work day, the overtime rate shall not be applied unless the particular CSO assigned has worked a 40-hour work week. Otherwise, the basic hourly rate, *Category One*, shall be applied. In no event will the Government be liable for overtime other than when:

         (A)    the Government directs a variation in a schedule and the direction results in overtime usage; or

         (B)    the Government schedules shifts such that the total authorized positions (including using all shared positions full-time) are inadequate to provide coverage.

     (3)    The Government will not reimburse nor shall the Contractor bill for overtime hours resulting from the coverage of a regularly scheduled vacant post.

     (4)    The Government will not reimburse nor shall the Contractor bill for any overtime hours associated with the weapons proficiency testing, medical examinations or any CSO related training.

(b)    *Holiday Coverage* - Any services provided by a CSO on a holiday, as recognized by the applicable *Department of Labor* wage determination, will be paid at the basic hourly rate.

## C-20  CHANGING THE NUMBER OF AUTHORIZED CSOs

United States Marshals Service       Fifth Judicial Circuit       Contract Number MS-02-D-0001
Judicial Security Division                                                   Contractor:Akal Security

(a)    The Government may increase or decrease the level of security by increasing or decreasing the number of CSOs and locations currently allocated to the contract. Accordingly, the Government may increase the number of CSOs at any location set forth in Section B of the Contract at the current hourly rate specified for that location or at a new location within the same USMS district.

(b)    Net increases to the number of authorized positions during any one contract year are limited to 100 percent of the maximum number of positions authorized at any district, unless agreed otherwise by the Contractor and the Government.

## C-21 CONTRACTOR CONTINUING RESPONSIBILITY TO PROVIDE SUITABLE CSOs

(a)    The Contractor shall staff 100 percent of the CSO positions required for each district by commencement of contract performance.

(b)    The Contractor shall take all necessary steps to assure that CSOs who are initially selected for assignment to this contract are professionally and personally reliable, of reputable background and sound character, and meet the training and experience requirements stipulated herein. The Contractor shall have the continuing responsibility to assure that all CSOs remain suitable in all respects, meeting all standards of suitability, including but not limited to conduct, work performance, and medical requirements. The fact that the Government performs background investigations shall not in any manner relieve the Contractor of its responsibility to assure that all CSOs remain reliable and of reputable background and sound character. The Contractor's failure to meet the criteria noted or any requirements of the Contract relating to a CSO's suitability, may constitute nonperformance. The Contractor may also be subject to charges for liquidated damages or default. The Contractor shall immediately notify the COTR and the Contracting Officer of any known or suspected violations.

(c)    In the event of a strike or other emergency situation that impedes continuous contract service, the Government may expedite background investigative procedures; however, it will not waive CSO minimum qualification requirements.

(d)    The Contracting Officer will notify the Contractor, in writing, regarding Contractor nonperformance due to unsuitability or any other deficiency of a CSO.

## C-22 AUTHORITY AND JURISDICTION

(a)    In order to fully carry out the judicial security services required, the Government will provide CSOs, and other Contractor personnel as deemed necessary, with special,

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                                              Contractor:Akal Security

limited deputation through the local U.S. Marshal. This special deputation shall be limited to the extent that it applies only while the CSO is at the federal work site, during their actual shift and while performing contract duties. A copy of the Special Deputation will be kept with the CSO at all times while in a duty status. The CSO will be held personally responsible for any misrepresentation or misuse of authority associated with the CSO's special deputation.  Misuse shall be considered a sufficient basis for removal in accordance with Section H-3, *Removal of CSOs and Other Contractor Personnel.*

(b)    The CSO may also be authorized under this special deputation by the U.S. Marshal to carry and/or transport Government issued firearms, and other equipment.  The CSO must carry a copy of the special deputation and a written authorization signed by the U.S. Marshal of the District.  The use or display of weapons or any other Government issued property is restricted to assigned duty hours and duty locations.

## C-23  ORIENTATION/TRAINING

(a)    *In-District Orientation (Phase I)*

New CSOs must satisfactorily complete the In-District Training Program, CSO Resource Training Guide, prior to assuming CSO duties.  After a CSO completes In-District Training, the Contractor shall forward the *In-District Training Certification* form, Attachment 2(K), to the Judicial Protective Services, Personnel Support Services Team and provide a legible copy to the COTR.

(b)    *CSO Orientation (Phase II)*

(1)    The CSO must attend Phase II of the CSO Orientation provided by the USMS at a location designated by the USMS. The Phase II Orientation sessions are generally 2-3 days in length.

(2)    The Contractor will be notified in writing by Judicial Protective Services when Phase II Orientation Sessions will be held. After notification, the Contractor shall make all necessary travel arrangements for their personnel to attend Orientation as scheduled.  The Government will not make travel arrangements for Contractor personnel unless it is determined to be beneficial to the Government. The Government's involvement will only be to the extent that is necessary to ensure that all travel arrangements, including costs, are reasonable and that necessary coordination is made.

(3)    When travel is required for Phase II Orientation, the Government will reimburse

C - 27

the Contractor, for each CSO, the established per diem rate and their normal compensation, including eight hours at the Category One rate for each day the CSO attends Orientation. The Contractor shall only be entitled to reimbursement of Category One and shall only bill the Category One rate for costs associated with Phase II Orientation and any other training required and provided by the Government.

(4)     The Contractor shall prohibit visitors, including spouses, from accompanying their personnel to CSO Orientation sessions.

## C-24  CONTRACTOR PERSONNEL APPLICATIONS

When submitting applications to the Judicial Protective Services, Personnel Support Services Team for a CSO position, the Contractor shall submit the following forms:

(1)     USMS 234, "Personnel Qualifications Statement"
(2)     FD 258, "FBI Fingerprint Card"
(3)     Contractor's Preliminary Background Check Form
(4)     Form USM-229, "Certificate of Medical Examination for Court Security Officers"
(5)     Performance Standard Certificate
(6)     Military Discharge Certificate, Department Defense DD214
(7)     Law Enforcement Certificate
(8)     New and Replacement CSO Transmittal Sheet, CSO Form 010.
(9)     Certificate of Compliance with the Lautenburg Amendment, Title 18, Section 922(g)(9) of the United States Code.

## C-25  BACKGROUND INVESTIGATIONS

(a)     *Contractor's Responsibility*

(1)     The Contractor shall conduct a preliminary background check on all CSO applicants and other Contractor personnel working on this contract. Personnel applications requirements and responsibility for costs (initial and replacement) incurred are the same as other applicants/replacements. The Contractor shall ensure prospective CSOs meet or exceed the minimum requirements set forth in Section C-6, *CSO Qualification Standards*. The Contractor must provide and certify to the information requested on the *Contractor's Preliminary Background Check* form, Attachment 2(J). This form is to be submitted as part of an employment package for CSO applicants and all other Contractor personnel required to undergo a background check.

(2)     The Contractor shall ensure that all CSO applicants and other Contractor
        personnel working on this contract complete the USMS 234, *Personnel
        Qualification Statement* form, Attachment 2(A), and sign a release statement
        which will permit the USMS to obtain medical information during the
        background investigation proceeding.  The USMS 234 Form must include all
        required data to ensure the timely completion of the Government's background
        investigation.

(3)     The Contractor shall ensure that no Contractor employee commences
        performance as a CSO prior to completion of the background investigation
        unless approval is granted by the Chief, Judicial Protective Services.

(4)     The Contractor shall be responsible for the cost of background investigations
        for replacement CSOs unless the Government is paying for turnover in
        accordance with Section C-30, *Turnover*.

(5)     Any CSO who has been temporarily removed or resigned from the CSO
        program may be required to undergo another background investigation before
        resuming a CSO position.  At the discretion of the Chief, Judicial Protective
        Services, the Contractor shall forward the required forms for a reinvestigation to
        the Judicial Protective Services Program, Personnel Support Services Team.
        Prior to forwarding the forms, the Contractor is responsible for reviewing the
        forms for completeness. The forms should be forwarded with a cover letter
        indicating that the forms are for reinvestigation of a current Contractor
        employee or CSO.

(b)     *Government's Responsibility*

(1)     The Government will conduct a background investigation on all CSO
        applicants. Derogatory information developed from this investigation may be
        considered justification to reject the applicant.  The Government also reserves
        the right to reinvestigate all Contractor personnel working on this contract for
        any reason.

(2)     Upon completion of the background investigation, the Judicial Protective
        Services Office will review the results to determine suitability for the
        individual. Primary concern in the review process is to decide if the CSO's
        presence in the court system poses a potential risk to the U.S. Courts, the
        Government, or the general public.  The Chief, Judicial Protective Services may
        also authorize a CSO applicant who is currently working or has worked as a law
        enforcement officer within thirty days from applying for the position to start
        immediately.  However, such authorization must be approved in writing by the

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                                       Contractor:Akal Security

Chief, Judicial Protective Services.

### C-26 GOVERNMENT FURNISHED PROPERTY

(a)      The Government shall furnish the following items to the Contractor for each Lead CSO and CSO:

        (1)    Radio*
        (2)    Weapon(s)**
        (3)    Oleoresin Capsicum (OC) Spray (Optional) **
        (4)    Ammunition (Including ammunition for qualification)
        (5)    Holster (belt type)
        (6)    Magazine or Cartridge Case
        (7)    Handcuffs
        (8)    Handcuff Case
        (9)    Pocket Identification Badges
        (10)   Name Tags
        (11)   Supplemental Radio Equipment
                (a)    Charger
                (b)    Batteries
                (c)    Carrying Case/Belt Clip
                (d)    Earphone

        *    The frequency and quantity of the radios for each facility shall be decided by the USMS.

        **    All CSOs will be armed with a government-issued weapon only. Use of *personal* weapons to include OC Spray is prohibited.

The Contractor shall maintain a complete and accurate inventory of these items at all times. Within thirty days of each contract period, the Contractor personnel shall inventory these items in its entirety and provide the inventory report to the COTR. These items shall be cared for in accordance with FAR Part 45 and stored at the location designated by the Government. The Contractor shall bear the cost of replacing any lost or stolen equipment.

(b)      The annual CSO equipment inventory shall provide the following information:

(1)      The location (district and site) of the inventory;

(2)      The identification of the equipment, i.e., weapon, revolver, caliber, barrel length, etc.

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                              Contractor:Akal Security

(3)    The serial number and bar code listed under its individual identification line,
       along with the name of the CSO to whom it is issued. Items without serial
       numbers may be listed in total numbers; i.e., Holster, right-handed, 4 inch: 15
       pieces. Hand cuffs, although serialized, do not have to be listed as separate
       items.

(c)    The Contractor is responsible for ensuring that all CSOs return these items to their
       place of storage at the completion of the CSO's shift. In the case of radios, which are
       shared by CSOs, the COTR shall provide for a system of accountability (log entries,
       hand receipts, etc.). Under no circumstances shall a CSO take any of the items from
       the duty station, unless specifically authorized to do so, in writing, by the local U.S.
       Marshal. Any CSO who violates this provision shall be reported to the Contractor
       and may be subject to immediate removal from duty, disciplinary action, and possible
       removal from the CSO program. This action is in addition to any other remedies
       available to the Government, including but not limited to the penalties for theft of
       Government property.

(d)    CSOs are also required to use other Government equipment, including walk-through
       and hand-held metal detectors, x-ray machines, and closed-circuit television (CCTV)
       monitoring equipment. The Government will provide instructions on the proper use of
       the equipment. The Contractor is responsible for promptly notifying the COTR when
       such equipment is malfunctioning. Any equipment which is misused or abused by
       CSOs shall be reported by the COTR or his designated representative to the
       Contractor. The Contracting Officer shall be notified of the repair or replacement cost
       and the cost will be deducted from the Contractor's invoice.

(e)    CSOs shall use Government furnished equipment and may not substitute personal
       property or contractor property in its place without authorization by the Chief,
       Judicial Protective Services Program.

*C-27   OLEORESIN CAPSICUM SPRAY*

(a)    The United States Marshal (USM) may authorize CSOs assigned to their district to
       carry Oleoresin Capsicum Aerosol (OC Spray) devices. If such authorization is
       granted by the USM, the Contractor shall ensure that the CSO successfully completes
       the training requirements developed by the United States Marshals Training Academy
       and use the device in accordance with the United States Marshals Service's policies
       and procedures and the *Judicial Security Division Program Directive, Number Seven,
       Court.Security Officer Use of Oleoresin Capsicum Spray*, which is incorporated in
       Section J as Attachment 4(B). The CSO must also be tested and certified annually. It
       is the responsibility of the Contractor, acting in coordination with U.S. Marshal to

C - 31

United States Marshals Service        Fifth Judicial Circuit        Contract Number MS-02-D-0001
Judicial Security Division                                                            Contractor:Akal Security

            schedule each CSO for each annual certification.  Re-certification should occur within 60 days prior to the anniversary of the original test.  The Contractor shall not permit CSOs to carry or use OC Spray unless the CSO has successfully completed the described training.

(b)     Training and certification will be conducted by a certified Deputy United States Marshal in accordance with the United States Marshal Service, Judicial Security Division Program Directive, Number Seven, Attachment 4(B).

(c)     The Contractor shall ensure the CSO(s) carry the OC Spray device only during their official duty hours.  In addition, the Contractor shall ensure that the CSO(s) routinely conceal the OC Spray device from the public and refrain from inspecting and handling the OC Spray device in view of the public.

## C-28 *CONTRACTOR FURNISHED PERSONNEL IDENTIFICATION CARDS*

(a)     The Contractor shall provide company identification cards to all persons performing CSO functions within forty-five days after commencement of the contract.  The Contractor shall also provide new CSO personnel identification cards within forty-five days after their start date.  The identification card must include a photograph of the employee and provide at a minimum, the description of the person's height, weight, date of birth, and gender.

(b)     The identification card should be wallet size, approximately 2" x 3 1/4" similar to a driver's license. The identification card must also bear the company's logo.

(c)     The Contractor's personnel shall carry the company's identification card at all times while in a duty status.

(d)     No Contractor personnel shall represent themselves as USMS employees. The use of USMS and Department of Justice's badges, seals, or logos, and titles such as *Special Deputy United States Marshal*, etcetera, is prohibited and shall not be used on materials used by the Contractor or its personnel, including company letterheads, business cards, etcetera.

## C-29 *MANDATORY CSO REPORTS*

(a)     <u>*CSO Reports*</u>:

        The Contractor's CSOs shall prepare required reports on a daily basis, or as directed

by the COTR, concerning accidents, fire, bombs and bomb threats, unusual incidents or unlawful acts and submit them to the COTR.

(b) *Daily Activity Log*:

The designated CSO supervisor or the Lead CSO of each facility where CSOs perform duties shall maintain a daily activity log of all CSO related activities, incidents, testing of alarms and emergency lighting systems, etcetera, and make the log available for Government inspection at all times.

(c) *CSO Incident Form*:

(1) All incidents involving CSOs shall be reported on a CSO Incident Form. The report shall be provided to the COTR of the district with a copy to the, Judicial Protective Services Program, Program Support Services Team.

(2) The Contractor shall submit to the COTR on a quarterly basis a consolidated summary of the Incident Report Form for each District. The report is required by the second working day of each quarter. Copies of the *CSO Incident Report Form*, Attachment 3(I), shall accompany the consolidated summary report. This report shall provide statistical information on the number of weapons, contraband, and other items that are detected and/or confiscated by CSOs during the previous quarter. The report shall also include incidents involving arrests or detainments; incidents in court and out of court by CSOs; and the number of hours and other expenditures by CSOs in support of the U.S. Courts.

(d) *Daily Attendance Log*:

(1) All Site Supervisors, LCSOs, and CSOs shall sign in when reporting for duty and sign out when leaving at the end of the work day. The COTR will maintain a daily attendance log in chronological order for each facility where CSOs provide services.

(2) The COTR will designate a location for the daily attendance log.

(3) This daily attendance log will show the date, time in, time out, names of each Site Supervisor, LCSO and CSO, signatures of each Site Supervisor, LCSO and CSO, and the actual man-hours worked by each. If any Contractor personnel is not present for any reason, an indication of why that individual is not present shall be provided in the log.

(4) The Lead CSO shall be responsible for personally notifying the COTR or his

C - 33

designee of the status of CSOs assigned to the facility and of any unoccupied post, as well as actions taken for replacement.

(5)     The Contractor shall provide a monthly report to verify that all duress alarms, control panels, and battery operated emergency lighting checks were conducted. The Contractor shall provide a written report to the COTR by the tenth of each month indicating the CSO's name, the date and time each tests were conducted, location of alarms, control panels or lighting, and their status when tested. The report shall include any calls for repair of equipment, and the date repairs were made. The name and location of the person(s) contacted for the repair, and the date and time notified shall also be included in the report.

(e)     _Reporting_

The Contractor shall adhere to all reporting requirements as stipulated in this contract. Unless stated otherwise, the Contractor shall not deviate or substitute any forms required herein. However, deviations may be submitted for review and approval by the Chief, Judicial Protective Services Program.

## C-30  TURNOVER

(a)     The Government will bear the cost of initial orientation, including travel, lodging, and a background investigation, for all CSO positions required under this contract, including subsequent enhancements.

(b)     The Contractor shall take measures to reduce the possibility of CSO turnover. The Government will only bear the costs of a replacement or the costs set forth in paragraph (a) if the former CSO:

(1)     had been employed, by the current Contractor, as a CSO continuously, for a minimum of 18 months in the same circuit;

(2)     was terminated as a result of findings in the background investigation, which the Contractor would not have had access to during their pre-employment verification. The Judicial Protective Services Office will investigate and determine if the information was readily available to the Contractor prior to the background investigation;

(3)     had developed a condition or illness which cannot be treated to allow the CSO to return to his/her position in a reasonable time frame (less than three months). This condition must have occurred after employment and had not been detected

C - 34

during the CSOs last physical (i.e., hearing loss, cancer, ulcers, strokes, etc.); or

(4)   died.

Otherwise, the Contractor shall bear the costs of all replacements.

(c)   The Contractor shall submit a new personnel application package within *fourteen* calendar days for any vacancy of an existing CSO position.  Liquidated damages in accordance with the FAR Clause 52.211-11 (APR 1984), which is cited in Section F of this contract, may be assessed if the Contractor fails to meet the fourteen-day requirement.

*THE REMAINDER OF THIS PAGE IS LEFT BLANK  INTENTIONALLY*

## SECTION D

## PACKAGING AND MARKING

### D-1   PRESERVATION, PACKING AND MARKING

Preservation, packaging, and packing for all items delivered hereunder shall be in accordance with commercial practices.

### D-2   MARKING

All information submitted to the Contracting Officer or the Contracting Officer's Technical Representative shall clearly indicate the contract number and task order number, if applicable, for which the information is being submitted.

### THE REMAINDER OF THIS PAGE IS LEFT BLANK  INTENTIONALLY.

United States Marshals Service     **Fifth Judicial Circuit**     Contract Number MS-02-D-0001
Judicial Security Division     Contractor:Akal Security

## SECTION E

### INSPECTION AND ACCEPTANCE

**E-1 INSPECTION AND ACCEPTANCE OF CONTRACTOR'S SERVICES AND REPORTS AND OTHER REQUIRED DATA**

   (a)    *Services*: Inspection, acceptance and evaluation of services to be furnished shall be performed by the COTR or his/her designee. The Government reserves the right to conduct any inspection and tests deemed reasonably necessary to assure that the services provided conforms with all respects to the contract specifications. Services, which upon inspection are found not to be in conformance with contractual specifications shall be promptly rejected by the COTR and a notice of such rejection will be provided to the Contractor by the Contracting Officer.

   (b)    *Reports and Data*: The Government will inspect monthly the Contractor's performance in submitting reports and data as required by the contract. Inspection shall be conducted by the Contracting Officer and the COTR or his/her designee. Inspection and evaluation will be performed to assess the Contractor's (1) compliance with the specifications; (2) responsiveness; (3) timeliness; (4) quality with respect to generally acceptable professional standards; and, (5) compliance with all elements of Section F, "Deliveries or Performance."

   (c)    Performance shall be considered deficient whenever posts are not covered as required by the contract. This deficiency may be remedied by assessing liquidated damages in accordance with the liquidated damages clause provided in Section F, "Deliveries or Performance," of this contract.

   (d)    In accordance with the FAR 42.15, Contractor Performance Information, the Contractor's overall performance will be evaluated on periodic basis. The evaluation will include, for example, the contractor's record of conforming to contract requirements and standards of good workmanship; the contractor's record of forecasting and controlling costs; the contractor's adherence to contract schedules, including the administrative aspects of performance; the contractor history of reasonable and cooperative behavior and commitment to customer satisfaction and generally, the contractor's businesslike concern for the interest of the customer.

       Past performance information is relevant information, for future source selection purposes, regarding a contractor's actions under previously awarded contracts.

**E-2    CLAUSES INCORPORATED BY REFERENCE:**

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                      Contractor:Akal Security

*(APPLIES TO INDEFINITE QUANTITY TASK ORDERS ONLY.)*

| Clause No. | Clause Title |
|---|---|
| 52.246-4 | Inspection of Services—Fixed Price (AUG 1996) |

*(APPLIES TO TIME-AND-MATERIAL TASK ORDERS ONLY.)*

| Clause No. | Clause Title |
|---|---|
| 52.246-6 | Inspection—Time-and-Material and Labor-Hour (JAN 1986) |

*THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY.*

E - 2

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                                     Contractor:Akal Security

## *SECTION F*

## *DELIVERIES OR PERFORMANCE*

### F-1  *LIQUIDATED DAMAGES - SUPPLIES, SERVICES, OR RESEARCH AND DEVELOPMENT (FAR 52.211-11) (SEP 2000)*

(a)  If the Contractor fails to deliver the supplies or perform the services within the time specified in this contract, the Contractor shall, in place of actual damages, pay to the Government liquidated damages for each calendar day of delay the sum of the contractor's applicable loaded rate times the number of non-performance hours, plus the Government's average administrative cost of $173.02 per day.

(b)  If the Government terminates this contract in whole or in part under the Default–Fixed-Price Supply and Service clause, the Contractor is liable for liquidated damages accruing until the Government reasonably obtains delivery or performance of similar supplies or services.  These liquidated damages are in addition to excess costs of repurchase under the Termination·clause.

(c)  The Contractor will not be charged with liquidated damages when the delay in delivery or performance is beyond the control and without the fault or negligence of the Contractor as defined in the Default--Fixed-Price Supply and Service clause in this contract.

## F-2  *DELIVERABLES*

(a)  The Contractor shall provide the following deliverables (reports and data) as indicated below:

    (1)  *Court Security Officer Monthly Activity Report*: The Contractor shall complete and submit in type written form, a *Court Security Officer Monthly Activity Report*, which is provided in Section J as Attachment 3(J).  Separate reports are required for positions authorized by the USMS via an inter-agency agreement.

    (2)  The Contractor shall submit the Court Security Officer Monthly Activity Report to the following individuals listed below by the tenth calendar day of each month:

| Addressee | Number of Copies |
|---|---|

United States Marshals Service | Fifth Judicial Circuit | Contract Number MS-02-D-0001
Judicial Security Division | | Contractor: Akal Security

| | |
|---|---|
| United States Marshals Service<br>Judicial Security Division<br>Judicial Protective Services Program<br>Program Support Services Team<br>600 Army Navy Drive, CS III<br>Arlington, VA 22202 | The original. |
| United States Marshals Service<br>Judicial Security Division<br>Judicial Security Contracts<br>Attn: Contracting Officer<br>600 Army Navy Drive, CS III<br>Arlington, VA 22202 | One copy. |
| Each designated COTR<br>*(Refer to respective task orders for the mailing address.)* | One copy. |
| *Administrative Office of the United States Courts*<br>*One Columbus Circle, N.W.*<br>*Court Security Office, Room G-310*<br>*Attention:* ▮▮▮▮▮▮▮<br>*Washington, DC 20544* | One copy. |

b6

(b)   The Court Security Officer Monthly Activity Report is subject to the review and approval of the Judicial Protective Services. The Contractor shall be required to make corrections and revisions as deemed necessary by Judicial Protective Services.

(c)   <u>Contractor's Employee Actual Pay and Benefits Data</u> - During the final or last contract period, the Contractor shall submit to the Contracting Officer within 30 days after the expiration date of the contract, the names of all current employees that performed on this contract, their full-time and part-time status, their appointed site address and their actual pay rate and employment benefit compensation. The data should be compiled to reflect the personnel assigned to each District.

(d)   *Forms and Other Pertinent Documents*: The Contractor shall submit the following additional forms and data as indicated in the chart below:

| Title of Form or Document | Submit To: | Required: |
|---|---|---|
| Certificate of Medical Examination for Court Security Officer | Chief, Judicial Protective Services | Within 14 days after the need or request of a new CSO. Annually thereafter, by December 31 . |
| Subcontracting Report for Individual Contract (SF 294) | Contracting Officer | Semiannually<br>(by April 30 and October 31) |
| Summary Subcontract Report, SF 295 | Contracting Officer | Annually, by October 31. |
| Claim for Reimbursement of Expenditures on Official Business, SF 1164 | COTR | Submit with monthly invoice for reimbursement of travel expenses. Including supporting documentation, i.e., receipts, etc. |

**F - 2**

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                    Contractor:Akal Security

| | | |
|---|---|---|
| Travel Voucher Summary, FS/FASSG | COTR | Submit with monthly invoice for reimbursement of travel expenses. Including supporting documentation, i.e., receipts, etc. |
| Public Voucher for Purchases and Services Other than Personal, SF 1034 | COTR | Submit with monthly invoice for reimbursement of travel expenses. Including supporting documentation, i.e., receipts, etc. |
| Contract Pricing Proposal, SF 1411 | Contracting Officer | Shall submit with cost proposal when contract action exceeds or is expected to exceed $500,000. |
| CSO Incident Report | COTR Chief, Judicial Protective Services | Shall submit within 48 hours after an incident.  The report is required for each incident reported on a  CSO 002 form. |
| Personnel Qualifications Statement, USM 234 | Chief, Judicial Protective Services | Within 14 days after the need or request of a new CSO. |
| Weapons Qualification and Familiarization Record, USM 333 | Chief, Judicial Protective Services COTR | Annually, by December 31 |
| FBI Fingerprint Card, FD 258 | Chief, Judicial Protective Services | Within 14 days after the need or request of a new CSO. |
| Military Discharge Certificate, Department Defense (DD) 214 | Chief, Judicial Protective Services | Within 14 days after the need or request of a new CSO. |
| CSO Monthly Statistical Summary (CSO-002) | COTR | By the 10th of each month. |
| CSO Transfer/Resignation / Termination Sheet (CSO-009) | COTR Chief, Judicial Protective Services | Two days after resignation or termination. |
| New and Replacement CSO Transmittal Sheet (CSO-010) | Chief, Judicial Protective Services | Submit with personnel package. |
| Performance Standard Certificate | Chief, Judicial Protective Services | Required for all Contractor personnel prior to contract performance. |
| Entry on Duty Transmittal Sheet | Chief, Judicial Protective Services | Two days after entrance on duty. |
| CSO Equipment Inventory Report | COTR | Within 30 days after each contract period. |

## F-3   PERIOD OF PERFORMANCE

(a)    *Base Contract Period*:  The base contract period of this contract shall commence from the effective date of the contract award, as specified on the contract award document, and continue through September 30, 2002.

(b)    *Individual Task Orders*:  The period of performance for any task orders shall be as specified on each individual task order, but subject to the following:

     (i)     The Contractor shall recruit staff and forward all required personnel

United States Marshals Service       **Fifth Judicial Circuit**       Contract Number MS-02-D-0001
Judicial Security Division                                                     Contractor:Akal Security

documentation to the Judicial Protective Services Program within fourteen calendar days after issuance of the task order, or the date specified for commencement of services on the task order, whichever is later. (See Section C for additional information.)

(ii)   The Contractor shall not commence work until security and personnel clearance requirements as required by the contract have been met, unless otherwise directed by the Contracting Officer.

## F-4   *OPTION TO EXTEND THE TERM OF THE CONTRACT*

(a)   The Government shall have the unilateral option of extending or renewing this contract beyond the initial period for additional periods of up to twelve months at a time, or less, each upon the same terms and conditions as contained in this contract at the time said option(s) are exercised.

(b)   The Government reserves the right to award options in increments of less than twelve months duration while at the same time retaining its right to a full twelve month performance period at the fixed price offered for the full twelve month period. When such incremental option periods are necessary to protect the best interests of the Government they shall be classified as Option I(a), I(b) etc. A combination of incremental options cannot exceed a twelve-month period at which time the ensuing option period will take effect in accordance with the terms and conditions of this contract.

(c)   If the Government exercises this option to extend the term of the contract, the contract as renewed shall be deemed to include the option provision. However, the total duration of this contract, including the exercise of any option(s) under this article, shall not extend beyond the number of years priced in Section B of this solicitation.

(d)   The Contractor is cautioned that the exercise of the options is a Government prerogative, not a contractual right on the part of the Contractor. If the Government exercises the option(s) within the time frames prescribed herein, the Contractor shall be contractually bound to perform the services for the option period(s), or in the event he fails to perform, be subject to the termination for default provisions of this contract.

(e)   The option shall be exercised by the Contracting Officer giving written notice of the Government's exercise of such options prior to expiration of the contract, or within fifteen (15) calendar days after funds become available for the option period. Such exercise shall not have effect unless the Contracting Officer has given preliminary written notice of an intent to exercise such option at least thirty (30) days prior to the

| United States Marshals Service | Fifth Judicial Circuit | Contract Number MS-02-D-0001 |
|---|---|---|
| Judicial Security Division | | Contractor:Akal Security |

last day of the contract term.

(f)    It is recognized by the parties that a full annual appropriation may not be available to the Government to fund the entire option term at the time the option is due to be exercised.  Predicated upon the passage of a continuing resolution, the Government may exercise the option for the full term subject to the passage by the Congress of a full annual appropriation signed by the President.

## F-5   EXTENSION OF SERVICES

The Government shall at anytime during the effective period of this contract extend the services ordered in the fourth option year period in writing for a period not to exceed that stated in Federal Acquisition Regulation clause 52.217-8, which is referenced in Section I of this contract.

## F-6   WORK WEEK

For the purposes of defining a work week for performance under this contract, a work week is from Sunday through Saturday.

## F-7   CLAUSES INCORPORATED BY REFERENCE:

| Clause No. | Clause Title |
|---|---|
| 52.242-15 | Stop Work Order (APR 1989) |
| 52.242-17 | Government Delay of Work (APR 1984) |
| 52.247-34 | F.O.B. Destination (NOV 1991) |

## SECTION G

## CONTRACT ADMINISTRATION DATA

## G-1    ROLES AND RESPONSIBILITIES OF GOVERNMENT PERSONNEL

(a)    *Contracting Officer*:  The Contracting Officer has the overall and primary responsibility for the administration of this contract.  Only the Contracting Officer has authority to enter into, administer, or terminate this contract on behalf of the Government.  This includes modifying and deviating from the contract terms,

conditions, requirement, specifications, and delivery schedules; making final decisions involving such matters as invoice payments or other consideration due to the Government for nonperformance or unsatisfactory performance, interpreting the contract, and resolving disputes; and, terminating the contract for default or convenience. The Contracting Officer also has authority to delegate certain responsibilities to an authorized Government representative.

(b)   *Contracting Officer's Technical Representative (COTR)*: The Contracting Officer will appoint individuals to act as authorized representatives in the monitoring and administration of this contract. This individual is designated in writing as a Contracting Officer's Technical Representative (COTR), with a copy to the Contractor. An individual designated as a COTR is authorized to perform the following functions:

   (1)   Coordinate the technical aspects of this contract and inspect all required services.

   (2)   Certify, accept and reject invoices deemed improper for payment for the services and/or supplies rendered and allowed under the terms and conditions of this contract. (For rejection of services, see Section E, "Inspection and Acceptance of Services.")

   (3)   Designate various individuals to assist in monitoring the performance of the contract. Such persons are not official COTRs. The COTR responsibility still remains with the COTR designated by the Contracting Officer for that given area.

(c)   *Other Federal Agencies*: Under the authority of the Economy Act, the USMS has entered into mutual agreements with other Federal agencies to obtain security services by interagency agreements. These agencies will generally be referred to as an "Ordering Agency."

Federal Agencies other than the USMS, have limited contract administration authority. Primarily, these agencies are only authorized to serve as a paying office for the services specifically provided in their areas authorized in Schedule B of this contract.

## G-2   CONTRACT ADMINISTRATION

The primary contract administration office (CAO) and the designated Contracting Officers for each circuit are as follows:

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                              Contractor:Akal Security

| Contract Administration Office |
|---|
| U.S. Marshals Services |
| Judicial Security Division |
| Judicial Security Contracts |
| 600 Army Navy Drive |
| Crystal Square III, Suite 600 |
| Arlington, VA 22202-4210 |

| Circuit | Contracting Officer | Telephone Number |
|---|---|---|
| Third | Deborah Skeldon | 202-307-9360 |
| Fifth | Donnell Sam | 202-307-9249 |
| Twelfth | Susan Erickson | 202-307-5137 |

## G-3   TASK ORDERS

A task order, Option Form 347, is the official ordering document issued by the Contracting Officer that requires the Contractor to provide the services as described in Section C of this contract. All services will be ordered via task order. It provides the Contractor a general description of services required, the maximum number of hours being requested, and the place of performance. The Contractor shall not perform any services nor exceed the total task order price without prior written notice from the Contracting Officer. Payment will not be made for unauthorized work or costs.

## G-4   OVERTIME SERVICES

(a)   Overtime hours and funds will be authorized by the Contracting Officer via task order. The COTR is delegated authority to request overtime services within the maximum hours and funding level provided on a given task order. The Contractor shall not perform overtime services that will exceed the maximum funding level provided by the task order.

(b)   Payment shall not be made for unauthorized overtime worked or for overtime costs exceeding the maximum funding level.

## G-5   INVOICE PAYMENTS

The Government shall, on a monthly basis, pay the Contractor upon submission of a proper invoice, 100 percent of the amount due for the services in accordance with this contract.

## G-6   INVOICE REQUIREMENTS

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                         Contractor: Akal Security

(a)    _Invoice Procedures_:

The Contractor shall prepare and submit an itemized invoice for each facility to the designated COTR or as specifically instructed in Option Form 347, "Order for Supplies or Services," and/or Standard Form 30, "Amendment of Solicitation/Modification of Contract," whichever is applicable.  The Contractor must submit a *proper* invoice in order to receive payment.

The Contractor's invoice shall include the following information:

(1)    The name and address of the business concern;
(2)    The invoice date;
(3)    Contract number, task order and/or modification number;
(4)    A description, and the quantity of supplies or services furnished, as well as the associated contract line item number(s);
(5)    Shipping and payment terms;
(6)    The name, title, telephone number and complete mailing address of the responsible official to whom payment is to be sent;
(7)    The name, title, telephone number and mailing address of the person to be notified in the event of a defective invoice;
(8)    Tax payer identification number (TIN) (Usually a social security number if the Contractor is an individual or their employer identification number if a company.  Invoices submitted without this number will be considered incomplete and will not be paid.);
(9)    The date delivery occurred or the period over which services were provided;
(10)    The Contractor shall include the following statement on each invoice:

### CERTIFICATION

*I certify to the best of my knowledge and belief that the supplies/services shown on this invoice have been received and are accepted.*

_____

*Contracting Officer's Technical Representative*      *Date*

Payment will only be made after the following conditions have been met:

(1)    After contract performance/payment of CSO and Government acceptance of services;

G - 3

(2)   After receipt of a proper invoice and the required monthly activity report;

(3)   Only for the number of hours actually performed, less any deductions for deficient performance, and for reimbursable expense(s) actually paid and considered allocable, allowable, and directly applicable to this contract.

(4)   A deduction will be taken from the invoice by the Government for charges assessed to the Contractor for deficient performance, etc., for the month for which the invoice is submitted and for previous months, for which the proper deductions have not been taken.  The paying office shall itemize any deductions taken and provide the reasons for the deductions on the payment voucher.

(b)   *Invoicing for CSO Travel*:

(1)   The Contractor will be reimbursed for per diem (transportation, lodging, meals and incidental expenses) incurred by the CSO(s) authorized to travel. Reimbursement shall only be made to the extent allowed by FAR 31.205-46 and the Department of Justice Travel Guide, and the applicable Government Travel Regulations (GTR) per diem rates, in effect at the time of travel.  Travel costs will not be reimbursed in an amount greater than the cost of, and time required for coach class, commercially scheduled air or ground travel by the most expeditious route unless coach air or ground travel is not available and the Contractor certifies to this fact in the voucher or other documents retained as part of his contract records to support his claim or post-audit.

(2)   Per diem is not allowable at the CSO's regular duty station (RDS) or within an area located within a 50-mile radius of the RDS.  When a CSO is required to travel to an alternate duty station (ADS) beyond 50 miles of their RDS via a privately owned vehicle (POV) (either personally or contractor-owned), mileage expenses will be paid from the RDS to ADS in accordance with guidelines outlined in the GTR and only at the rate effective at the time of travel.  If the CSO must visit their RDS prior to departing for an ADS, time (including travel to work overtime) and mileage shall be calculated pursuant to the terms found in paragraph (3)(2) below.

(3)   When a CSO is required to travel to an ADS via a POV and the mileage range is in excess of a 50-mile radius from the RDS, the following applies:

(i)   When a CSO is required to visit their RDS prior to departure for an ADS: (1) mileage shall be calculated from the RDS to the ADS; and, (ii) time shall be calculated from the time of departure from the RDS to the arrival at the ADS, not from the CSO's residence.  Time shall be calculated on a reasonable basis taking into consideration normal traffic patterns and speed limits for the particular route taken.  The route used shall be the

most direct route from the RDS to the ADS. The cognizant COTR shall be the determining official should a question arise concerning the most direct route. (If travel occurs during normal duty hours, the pay will be in accordance with the Category One rate).

(ii)   When the CSO travels directly to an ADS: (1) mileage shall be calculated as total miles traveled one way, from the CSO's residence to the ADS, less mileage calculated from the CSO's residence to the RDS; (2) time shall be calculated from the time of departure from the CSO's residence to arrival at the ADS, less that time which would be attributable to normal commuting from the CSO's residence to the RDS; and (3) if, in the event the mileage from the RDS and the ADS exceeds 50 miles, but the mileage from the CSO's residence to the ADS is less than 50 miles, the policy for travel not exceeding 50 miles from the RDS shall apply.

(iii)  The Contractor shall use the following billing methods for CSO travel in excess of a 50-mile radius from the CSO's RDS:

   (A)   Mileage: If use of POV is authorized, allowable mileage may be billed at the applicable GTR rate which is current at the time of travel.

   (B)   Time: For compensation for CSOs in a travel status (i.e., to and from the ADS), the Contractor shall bill the Category One rate, up to 40 hours per week. Any time in excess of a 40-hour week shall be billed at the overtime rate.

(iv)   The Contractor shall submit an individual travel invoice for each CSO. Partial or piecemeal invoices shall not be submitted or considered for payment purposes.

(v)    The Contractor's invoice shall be accompanied with a Standard Form (SF) 1034, "Public Voucher Purchases and Services Other than Personal," for travel reimbursement. The Contractor shall also attach backup for the amount claimed on the *FS/FASSG, Travel Voucher Summary* form. The voucher must include, at a minimum, the following information:

   (A)   The invoice date;
   (B)   The name of the traveler;
   (C)   The description of the travel;
   (D)   The contract number and the district in which the travel was incurred; and,

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                                     Contractor:Akal Security

         (E)   The period covered.

  (c)   *Invoicing for Overtime*:

      (1)   All hours billed in excess of a 40-hour work week (Sunday through Saturday) must be certified by the COTR in order for payment to be made (See terms and conditions set forth in Section C-19, *Overtime and Holidays*. Where the Contractor incurs overtime without the COTR's approval, the Government shall have no liability to pay for those services.

      (2)   A SF 1035 shall be used for invoicing for overtime. In addition to the invoice requirements stated in clause G-4 of this section, the voucher for overtime shall be annotated with the following information:

        (i)   The name of the employee who worked; and,
        (ii)  The number of hours in excess of the employee's normal 40 hour work week.

  (d)   *Invoicing Period*:

    Invoices shall be submitted on a monthly basis only and must be submitted in accordance Section G-6, *Invoice Requirements*, of the contract. Invoices shall also be accompanied by, or preceded by, the Monthly Activity Report required in Section F-2, *Deliverables*.

## G-7   PRICE ADJUSTMENT PROCEDURES RESULTING FROM WAGE DETERMINATION INCREASES

  (a)   Price adjustments resulting from wage determination increases incorporated into this contract will be processed in accordance with Federal Acquisition Regulation (FAR) 52.222-43, "Fair Labor Standards Act (FLSA) and the Service Contract Act (SCA)-- Price Adjustment (Multiple Year and Option Contracts).

  (b)   *Applicability*:

      (1)   The Contractor shall only submit a price adjustment notice for new or revised wage determinations officially incorporated into this contract by the Contracting Officer. The SCA and the FLSA contract price adjustments only apply to the labor categories listed on the Department of Labor's wage determinations which perform the work of the contract. Adjustments are limited to labor costs only. No adjustment will be made for business expenses such as uniform costs, medical exams, weapon qualifications or any other item listed in a wage

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                               Contractor:Akal Security

determination or included in a Collective Bargaining Agreement that is not considered a direct labor cost.

    (2)    Site Supervisor positions are considered managerial personnel and are not subject to an adjustment as result of either the Department of Labor Wage Determination or Collective Bargaining Agreement. Additionally, the USMS reserves the right to add or delete Site Supervisor positions at any location in accordance with the criteria set forth in Section B-1, *Description of Services*. In addition, the USMS may add site supervisors as deemed necessary at other times by change order.

(c)    *Time Requirements*:

The Contractor shall submit the price adjustment notice to the Contracting Officer within 30 days after receiving a new wage determination, unless an extension of this notification has been granted by the Contracting Officer.

(d)    (1)    *Methodology*: Price adjustment claims will be based on the total number of hours ordered by the Contracting Officer for a given contract period. Each position equates to a maximum of 2008 hours per contract period.

    (2)    *Format*: The Contractor's claim shall include the following elements:

        (i)    Names of the employees for whom the wage determination will effect, including their employment status (full-time or part-time) (Number of hours should not exceed the total number of positions ordered by the Contracting Officer for the applicable contract period.);

        (ii)    the actual wage rate paid each employee for which a price adjustment is sought;

        (iii)    Each employees payroll record.

        (iv)    Documents supporting impact on fringe benefit costs, only if applicable.

        (v)    Documents supporting costs (payroll taxes), if applicable.

        (vi)    Standard Form 1411, if contract action exceeds or is expected to exceed $500,000.

        (vii)    A hard copy and a diskette copy of the claim. The spreadsheet should be LOTUS compatible if possible.

The Contractor's claim for a price adjustment should be presented in a manner that clearly defines the methodology/formula used to determine the increase amount sought. Using the columns indicated below, price adjustment will be computed as follows. A detailed sample spreadsheet is provided in Section J, *Attachment 3(D)*.

**G - 7**

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                                Contractor: Akal Security

| Name of Employee | Contract Rate | Current Wage Rate | Revised Wage Determination Rate | Rate of Increase | Application of Applicable Fringe Benefits and Taxes | Total Projected hours or Actual Hours Worked. | Total Price Increase (Fully Burdened) |
|---|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) |

(e)   *Certification.*   As required in FAR 52.222-43 paragraph (b), the Contractor warrants
the prices in this contract do not include any allowance for any contingency to cover
increased costs for which adjustment is provided under this clause.

Upon agreement of the parties, the contract price or contract unit price labor rates
shall be modified in writing by the Contracting Officer.  The Contractor shall continue
performance until an agreement on or determination of any such adjustment and its
effective date has been made.  Violation of this requirement can be used as a ground
for contract default.

**THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY.**

G - 8

## SECTION H

## SPECIAL CONTRACT REQUIREMENTS

### H-1  SUBCONTRACTING RESTRICTION

Except as specifically stated in this contract or approved in writing in advance by the Contracting Officer, the Contractor shall not subcontract any work under this contract.  It is contemplated that approval will be given for subcontracting certain phases of the work when, in the opinion of the U.S. Marshals Service, such subcontracting will not adversely affect the quality of delivery of services nor the difficulty or cost of inspection and testing. All requests for approval to subcontract shall be submitted in writing to the Contracting Officer for consideration and approval.

### H-2  INDEMNIFICATION

(a)  *Hold Harmless and Indemnification Agreement*: The Contractor shall save and hold harmless and indemnify the Government against any and all liability claims, and reasonable costs of any person or persons and for loss or damage to any Contractor or property owned by a third party occurring in connection with or in any way incident to or arising out of the occupancy, use, service, operation, or performance of work under the terms of this contract, resulting in whole or in part from the negligent acts or negligent omissions of the Contractor, any subcontract, or any employee, agent, or representative of the Contractor or subcontractor.

(b)  *Government's Right of Recovery*: Nothing in the above paragraphs shall be considered to preclude the Government from receiving the benefits of any insurance the Contractor may carry which provides for the indemnification of any loss or destruction of, or damage to property in the custody and care of the Contractor, where such loss, destruction or damage is to Government property.  The Contractor shall do nothing to prejudice the Government's right to recover against third parties for any loss, destruction of, or damage to Government property, and upon request of the Contracting Officer shall, at the Government's expense, furnish to the Government all reasonable assistance and cooperation, including assistance in the prosecution of suit and the execution of instructions of assignment in favor of the Government, in obtaining recovery.

### H-3  REMOVAL OF CSOs AND OTHER CONTRACTOR PERSONNEL

(a)  The Contractor shall be responsible for providing employees that meet the qualifications and requirements established under the Contract.  Any employee provided by the Contractor that fails to meet the requirements of the Contract,

including but not limited to, the terms, conditions, performance, medical, and physical standards outlined in Section C, Description/Specifications/Statement of Work, may be removed from performing services for the Government under this Contract upon written request of the Contracting Officer.

(b)     The United States Marshals Service reserves the right at all times to determine the suitability of any Contractor employee to serve as a CSO. Decisions rendered under any dispute resolution process, including assisted settlement, negotiation, consultation, mediation, mini trials, arbitration or any other process available to the contractor and its employees shall not be binding upon the United States Marshals Service. Any decision to continue a Contractor employee in a CSO capacity will be made solely by the Judicial Protective Services Program on a case-by-case basis in accordance with the requirement to safeguard the federal judicial process, the Judiciary, citizens, and property as per policies and directives governing Judicial Protective Services operations.

(c)     Any employee provided by the Contractor that the Contracting Officer asserts has failed to meet the performance requirements set forth in Section C, Description/Specifications/Statement of Work, may be removed from performing services under this contract. The United States Marshals Service reserves the right to temporarily revoke any special deputation granted to the individual CSO under investigation for an alleged serious performance standard violation or criminal charge. Such revocation will also revoke the individual's right to carry a firearm and credential until the alleged incident is resolved. A determination by the Contractor that an employee's performance can be corrected by discipline and/or other measures and still meet the terms of the contract shall be made in writing to the Contracting Officer. The Contracting Officer and Judicial Protective Services shall make the final determination of suitability. In the event that an employee consistently fails to perform following notification by the Contracting Officer, the Contractor may be assessed liquidated damages. Liquidated damages shall be computed for each affected employee as outlined in Section F-1, *Liquidated Damages - Supplies, Services or Research and Development.*

(c)     When deemed necessary and if requested by the Contracting Officer or a designated representative, the Contractor shall provide a written explanation to the Contracting Officer, providing the facts and argument regarding the proposed removal of an individual. In the event that the Contracting Officer or designated representative has requested the removal, a written response from the individual subject to the removal, if any, and a written statement of the Contractor's position on the removal of an individual must be forwarded to the Judicial Protective Services, through the Contracting Officer, within 15 days of the initial removal notice for a final decision.

(d)    Notwithstanding the requirements of Paragraph (b), above, any employee provided by the Contractor that engages in actions such as misuse of weapons or credential that have been provided, removal of assigned weapons or credential from the courthouse/site, improper activity related to a jury, or engages in criminal conduct, whether on or off-duty, or any other activity that affects the integrity of the judicial process or is likely to compromise the security of the courts, shall be removed from performing services for the Government under this contract, and shall not be reassigned to this contract without the concurrence of the Contracting Officer.  The Contractor shall notify its employees of this requirement and shall post this requirement in a conspicuous location.

(e)    The Contractor shall be required to submit with its proposal established procedures for disciplining employees who fail to comply with the terms of the contract.  The Contractor's disciplinary procedures must provide, at a minimum, notice to the employee of any allegation(s) made concerning the employee's performance, and an opportunity for the employee to respond.  In no event shall an employee be removed permanently from performing services under this contract without being provided the requisite notice and opportunity to respond.

(f)    The Contracting Officer shall forward copies of all correspondence pertaining to the removal of the contractor's employees to the COTR responsible for overseeing contractor performance in each district.

## H-4  INSURANCE COVERAGE

(a)    The Contractor shall acquire and maintain at his expense during the entire contract performance period adequate insurance.  Insurance coverage shall, at minimum, provide the following:

    (1)    $100,000 per incident minimum Workman's Compensation and Employee's Liability Insurance.

    (2)    General public liability insurance covering all duties, services, and work to be performed under this contract.  The insurance shall provide limits of liability for bodily injury not less than $2,000,000 per person and $5,000,000 for each occurrence, and property damage limits of liability of not less than $200,000 for each accident.  The general liability policy shall name the "The United States of America, action by and through the Department of Justice," as an additional insured with respect to operations performed under this contract.

    (3)    Automobile Liability Insurance written on the comprehensive form of

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                     Contractor:Akal Security

policy of $1,000,000 per person and $5,000,000 per occurrence for bodily injury, and $200,000 per occurrence for property damage.

(b)    Each liability policy shall include the following provision:

"It is a condition of this policy that the company shall furnish written notice to the Department of Justice, in care of the issuing office, 30 days in advance of any reduction in or cancellation of this policy."

(c)    Insurance shall be effective throughout the term of the contract. Upon request, the Contractor shall furnish the Contracting Officer as evidence of requirement insurance, certified true copies of liability policies and manually countersigned endorsements of any changes thereto. Renewal policies shall be furnished not less than five days prior to the expiration of current policies.

## H-5   LICENSES

The Contractor shall secure and maintain in a current status all required licenses and permits applicable to the lawful functioning within the locations listed in Section B, Description of Services. In doing so, the Contractor shall furnish evidence to the Contracting Officer, of a company license (state and/or local) authorizing the company to provide guard service within that state and/or locality, or evidence of application for same, within fourteen days after request by the Contracting Officer.

## H-6   FACILITY SURVEY PRIOR TO ASSUMING/COMMENCING CONTRACT PERFORMANCE

After the award, but prior to performance, the Contractor shall coordinate a facility survey with the COTR for purposes of familiarizing each Contractor personnel with the CSO post assignment records and the Judicial Security Plan designed specifically for that facility. A facility survey shall also be performed on the first day of duty for each Contractor personnel hired after implementation of the contract.

## H-7   RECORDING PRESENCE

All Contractor personnel performing work at a USMS site shall sign in when reporting for duty and sign out when leaving at the end of the work day on a "Record of Time of Arrival and Departure," form. This form shall be provided and secured at an area designated by the COTR or his designee.

## H-8   WAGE DETERMINATIONS

United States Marshals Service                    Fifth Judicial Circuit                    Contract Number MS-02-D-0001
Judicial Security Division                                                                              Contractor:Akal Security

(a)     Wage determinations, as reflected in Section J, Attachment 1, *Applicable Department of Labor Wage Determinations*, are applicable to employees who will be employed in the performance of this contract. Contractor employees assigned to labor categories listed in the wage determination must be paid no less than the minimum monetary wage and furnished fringe benefits as shown therein. The Contractor shall immediately pay these employees the minimum wages and fringe benefits upon receipt of the applicable wage determination. This determination was issued under the provisions of the McNamara-O'Hara Service Contract Act (79 Stat. 1034), and in accordance with Part 4-3 of 29 CFR Part 4.

(b)     Wage determinations, as reflected in Section J, Attachment 1, *Applicable Department of Labor Wage Determinations*, are applicable to employees who will be employed as a CSO during the performance of this contract. Site Supervisor labor categories are not specified in the wage determinations applicable to this contract, therefore, this labor category is not governed by such wage determinations.

## H-9   LIABILITY FOR START-UP COSTS

(a)     *Liability for Background Investigations Costs During Contract Start-Up* - During contract start-up phase only, the Contractor will bear the costs of background investigations for all non-incumbent CSO applicants in the amount of $1,895.00, unless the Contractor can substantiate that an offer for employment was made to an incumbent CSO and that offer was rejected. The Government will assess the amount from the Contractor's invoice. The amount of $1,895.00 represents the additional costs of the Government performing background checks on a new applicant.

(b)     *Start-Up Costs* - The Government will only be liable for actual start-up costs incurred by the Contractor. (For example, if the Contractor does not provide a set of uniforms to a CSO during a contract performance year, then the Government shall not be liable to reimburse the Contractor for uniform start-up costs).

The Government will not reimburse the Contractor for start-up costs associated with hiring individuals in excess of the number of personnel required for the CSO positions authorized in Section B, Description of Services, or subsequent positions authorized by the Contracting Officer. Additionally, the Government will not be liable for start-up costs caused by turnover of contractor employees or when previously approved CSOs fail either preliminary or background investigations, except those specific cases set forth in Section C-30, *Turnover*.

(c)     *Partial Start-up Costs* - The Government will be responsible for paying partial start-up costs when one of the following conditions exists:

**H - 5**

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                     Contractor:Akal Security

(1)    For individual CSOs which were hired by the previous Contractor which did not receive their medical examinations, their range qualification, or their uniform during the current contract year (October 1 through September 30), the Government will pay the Contractor the contract rate for the applicable item supplied by the Contractor. If however, the previous Contractor supplied all or part of the items required for start-up during the current contract year, the Contractor shall not provide those items, and shall not be reimbursed if the Contractor does provide those items.

(2)    For individual CSOs which were hired by the previous Contractor which did not receive CSO orientation, the Contractor shall be paid the rate for orientation upon completion of CSO orientation.

## H-10   QUANTITIES FOR MINIMUM AND MAXIMUMS

(a)    For the purpose of determining the contract minimum guarantee as described below, the number of CSO positions shall be the number of positions specified on the Specification and Pricing Proposal Sheet. A position equates to a CSO working a forty-hour work week. The Government guarantees that a minimum amount of work will be ordered under this contract. The cost of the minimum guarantee will be determined by the Specification and Pricing Proposal Sheet for the basic contract period and shall include subsequent changes for option years. The amounts shall be determined as indicated in the following paragraphs.

(b)    For the basic contract period, the minimum guarantee shall be computed by multiplying the basic hourly rate for each location, by the number of CSO positions for each location, multiplied by 174 estimated average hours per month, multiplied by four months. This guarantee is subject, however, to the availability of funds.

(c)    If there are less than four calendar months remaining between the date of the award and the end of the Government's fiscal year in which the award is being made, then the minimum guarantee is to be calculated with the lesser number of months and the resultant shortfall from the amount calculated using four months may be subsequently provided subject to the availability of appropriated funds for performance beyond the end of the fiscal year. (The Government's fiscal year ends on September 30 of each year.)

(d)    The estimated dollar value of the minimum guarantee for any option period, if exercised, shall be determined in the same manner as for the initial contract period, except that the number of CSO positions used in the calculation shall be equal to the number of CSO positions required to be covered under the contract pursuant to delivery orders in effect; (1) at the time that the Government provides the preliminary

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                        Contractor:Akal Security

notice of intent to exercise the option, or (2) immediately preceding the option period, whichever is later.

(e)    For the purpose of determining the contract maximum for the initial year, the number of CSO positions will be increased by 100% of the number of positions specified on the Specification and Pricing Proposal Sheet. For subsequent years the contract maximum is increased by 100% over the maximum number of CSO positions actually in place at any one time during the prior year of the contract performance. For start-up services, the amount can be increased unilaterally by the Government by up to 500 percent over the solicitation estimate, and may be bilaterally increased beyond that point to meet fluctuations in the Government's security requirements, provided the Contractor agrees to a higher percentage.

## H-11 DEPARTMENT OF JUSTICE DEADLY FORCE POLICY

The Contractor shall ensure that its employees fully comprehend and comply with the Department of Justice Deadly Force Policy, which is provided in Section J, *Attachment 4(A)*.

## H-12 NOTICE REGARDING FIREARM POSSESSION/ DOMESTIC VIOLENCE

Title 18, Section 922(g)(9) of the United States Code makes it a federal felony for anyone previously convicted of a misdemeanor crime of domestic violence to possess a firearm or ammunition. "Misdemeanor crime of domestic violence" is generally defined as any offense whether or not explicitly described in a statute as a crime of domestic violence which has as its factual basis the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by the victim's current or former domestic partner, parent or guardian. A person falls under the prohibition of the statute if he or she has ever been convicted of a misdemeanor crime of domestic violence. The term "convicted" is generally defined in the statute as excluding anyone whose conviction has been expunged, set aside or has received a pardon.

## H-13 NOTICE REGARDING BLOOD BORNE/AIR BORNE PATHOGENS EXPOSURE

(a)    The Contractor is hereby provided notice that there is risk of occupational exposure to potentially infectious materials for their employees under this contract. It is the Contractor's responsibility to inform its employees of this risk.

(b)    The Contractor shall formally document the acknowledgment of their employees that they have been made aware of the associated risks and that the Contractor is responsible for ensuring that they take self-protective measures whenever they are subject to such exposure.

United States Marshals Service         Fifth Judicial Circuit         Contract Number MS-02-D-0001
Judicial Security Division                                            Contractor:Akal Security

(c)   The Contractor shall ensure that their employees are made aware that they should not be handling prisoners or accessing cellblock areas on a routine basis as this is not a provision of the contract and puts the employee at a high level of risk of infection.

(d)   Any cost to the Contractor associated with their compliance to this portion of the contract shall be borne by the Contractor.

## H-14 KEY PERSONNEL

(a)   The Contractor shall assign a contract managers and site supervisors to key positions These individuals  are considered essential for the work required herein.  No diversion or substitution of any key personnel shall be made by the Contractor without the written consent of the Contracting Officer.

(b)   During the first ninety (90) days of performance, no substitution of key personnel shall be allowed unless the substitution is necessitated by illness, death, or termination of employment.  In any of these events, the Contractor shall notify the Contracting Officer within 72 hours of knowledge by the Contractor and provide the information required by paragraph (c) below.  After the initial 90-day period, all proposed substitutions must be submitted in writing to the Contracting Officer for approval.

(c)   All requests for substitutions must provide a detailed explanation of the circumstances necessitating the proposed substitutions, complete resumes for the proposed substitutes, and any additional information requested by the Contracting Officer.  The qualifications of any proposed substitutes must meet or exceed the contract requirements.  The Contracting Officer shall notify the Contractor within 15 calendar days after receipt of all required information of the decision on substitutions.  This clause will be modified to reflect any approved changes of key personnel.

United States Marshals Service             Fifth Judicial Circuit             Contract Number MS-02-D-0001
Judicial Security Division                                                    Contractor: Akal Security

## SECTION I

## CONTRACT CLAUSES

### I-1   ORDERING (FAR 52.216-18) (OCT 1995)

(a)   Any supplies and services to be furnished under this contract shall be ordered by issuance of delivery orders or task orders by the individuals or activities designated in the Schedule. Such orders may be issued from the date of award through the contract expiration date.

(b)   All delivery orders or task orders are subject to the terms and conditions of this contract. In the event of conflict between a delivery order or task order and this contract, the contract shall control.

(c)   If mailed, a delivery order or task order is considered "issued" when the Government deposits the order in the mail. Orders may be issued orally, by facsimile, or by electronic commerce methods only if authorized in the Schedule.

### I-2   ORDER LIMITATIONS (FAR 52.216-19)  (OCT 1995)

(a)   Minimum order.  When the Government requires supplies or services covered by this contract for less than a period of 1 day, the Government is not obligated to purchase, nor is the Contractor obligated to furnish, those supplies or services under the contract.

(b)   Maximum order.  The Contractor is not obligated to honor any order for a single item in or combination of items in excess of 100% of the existing number of CSOs assigned to a given District per contract period for Categories 1, 2 and 3 services only. No limitations are set for Start-up services, however, a limit does apply to Overtime services.  That limit is based upon the maximum quantity ordered by the Contracting Officer.

(c)   If this is a requirements contract (i.e., includes the Requirements clause at subsection 52.216-21 of the Federal Acquisition Regulation (FAR)), the Government is not required to order a part of any one requirement from the Contractor if that requirement exceeds the maximum-order limitations in paragraph (b) above.

(d)   Notwithstanding paragraphs (b) and (c) above, the Contractor shall honor  any order exceeding the maximum order limitations in paragraph (b), unless that order (or orders) is returned to the ordering office within 10 days after issuance, with written notice stating the Contractor's intent not to ship the item (or items) called for and the

I - 1

United States Marshals Service      **Fifth Judicial Circuit**      Contract Number MS-02-D-0001
Judicial Security Division                                           Contractor:Akal Security

reasons.  Upon receiving this notice, the Government may acquire the  supplies or services from another source.

**I-3    *STATEMENT OF EQUIVALENT RATES FOR FEDERAL HIRES (FAR 52.222-42) (MAY 1989)***

In compliance with the Service Contract Act of 1965, as amended, and the regulations of the Secretary of Labor (29 CFR Part 4), this clause identifies the classes of service employees expected to be employed under the contract and states the wages and fringe benefits payable to each if they were employed by the contracting agency subject to the provisions of 5 U.S.C. 5341 or 5332.

THIS STATEMENT IS FOR INFORMATION ONLY: IT
IS NOT A WAGE DETERMINATION

| Employee Class | Monetary Wage - Fringe Benefits |
|---|---|
| Court Security Officer | GS-6 |
|  |  |
|  |  |
|  |  |

**I-4    *AVAILABILITY OF FUNDS FOR THE NEXT FISCAL YEAR (FAR 52.232-19 (APR 1984)***

Funds are not presently available for performance under this contract beyond September 30, 2001.  The Government's obligation for performance of this contract beyond that date is contingent upon the availability of appropriated funds from which payment for contract purposes can be made.  No legal liability on the part of the Government for any payment may arise for performance under this contract beyond September 30, 2001, until funds are made available to the Contracting Officer for performance and until the Contract receives notice of availability, to be confirmed in writing by the Contracting Officer.

**I-5    *SUBCONTRACTS FOR COMMERCIAL ITEMS AND COMMERCIAL COMPONENTS (FAR 52.244-6)  (OCT 1998)***

(a)    *Definition.*

       (1)    Commercial item, as used in this clause, has the meaning contained in the clause at 52.202-1, Definitions.

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                                Contractor:Akal Security

(2)     Subcontract, as used in this clause, includes a transfer of commercial items between divisions, subsidiaries, or affiliates of the Contractor or subcontractor at any tier.

(b)     To the maximum extent practicable, the Contractor shall incorporate, and require its subcontractors at all tiers to incorporate, commercial items or non-developmental items as components of items to be supplied under this contract.

(c)     Notwithstanding any other clause of this contract, the Contractor is not required to include any FAR provision or clause, other than those listed below to the extent they are applicable and as may be required to establish the reasonableness of prices under Part 15, in a subcontract at any tier for commercial items or commercial components:

(1)     52.222-26, Equal Opportunity (E.O. 11246);
(2)     52.222-35, Affirmative Action for Special Disabled and Vietnam Era Veterans (38 U.S.C. 4212(a));
(3)     52.222-36, Affirmative Action for Workers with Disabilities (29 U.S.C. 793); and
(4)     52.247-64, Preference for Privately Owned U.S.-Flagged Commercial Vessels (46 U.S.C. 1241) (flow down not required for subcontracts awarded beginning May 1, 1996).

(d)     The Contractor shall include the terms of this clause, including this paragraph (d), in subcontracts awarded under this contract.

## I-6    INDEFINITE QUANTITY (FAR 52-216-22) (OCT 1995)

(a)     This is an indefinite-quantity contract for the supplies or services specified, and effective for the period stated, in the Schedule. The quantities of supplies and services specified in the Schedule are estimates only and are not purchased by this contract.

(b)     Delivery or performance shall be made only as authorized by orders issued in accordance with the Ordering clause. The Contractor shall furnish to the Government, when and if ordered, the supplies or service specified in the Schedule up to and including the quantity designated in the Schedule as the "maximum." The Government shall order at least the quantity of supplies or services designated the Schedule as the "minimum".

(c)     Except for any limitations on quantities in the Order Limitations clause or in the Schedule, there is no limit on the number of orders that may be issued. The Government may issue orders requiring delivery to multiple destinations or

United States Marshals Service        Fifth Judicial Circuit        Contract Number MS-02-D-0001
Judicial Security Division                                              Contractor:Akal Security

performance at multiple locations.

(d)    Any order issued during the effective period of this contract and not completed within that period shall be completed by the Contractor within the time specified in the order. The contract shall govern the Contractor's and Government's rights and obligations with respect to that order to the same extent as if the order were completed during the contract's effective period; provided, that the Contractor shall not be required to make any deliveries under this contract after the effective period of the contract.

## I-7   *CLAUSES INCORPORATED BY REFERENCE (FAR 52.252-2) (FEB 1998)*

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this address: http://www.arnet.gov/FAR/

| Clause Number | Clause Title |
|---|---|
| 52.202-1 | Definitions (OCT 1995) |
| 52.203-3 | Gratuities (APR 1984) |
| 52.203-5 | Covenant Against Contingent Fees (APR 1984) |
| 52.203-6 | Restrictions on Subcontractor Sales to the Government (JUL 1995) |
| 52.203-7 | Anti-Kickback Procedures (JUL 1995) |
| 52.203-8 | Cancellation, Recission, and Recovery of Funds for Illegal or Improper Activity (JAN 1997) |
| 52.203-10 | Price or Fee Adjustment for Illegal or Improper Activity (JAN 1997) |
| 52.203-12 | Limitation on Payments to Influence Certain Federal Transactions (JUN 1997) |
| 52.204-4 | Printed or Copied Double-Sided on Recycled Paper (AUG 2000) |
| 52.209-6 | Protecting the Government's Interest When Subcontracting with Contractors Debarred, Suspended, or Proposed for Debarment (JUL 1995) |

| Clause Number | Clause Title |
|---|---|
| 52.215-2 | Audit and Records--Negotiation (JUN 1999) |
| 52.215-8 | Order of Precedence (OCT 1997) |

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division                                                    Contractor:Akal Security

| | |
|---|---|
| 52.215-14 | Integrity of Unit Prices (Oct 1977) |
| 52.215-17 | Waiver of Facilities Capital Cost of Money (Oct 1977) |
| 52.215-21 | Requirements for Cost or Pricing Data or Information Other Than Cost or Pricing Data--Modifications, (OCT 1997) -- Alternate IV (OCT 1997) |
| 52.217-8 | Option to Extend Services (NOV 1999) |
| 52.217-9 | Option to Extend the Term of the Contract (MAR 2000) |
| 52.219-8 | Utilization of Small, Small Disadvantaged and Women Owned Small Business Concerns (OCT 2000) |
| 52.219-9 | Small Business Subcontracting Plan, (OCT 2000) Alternate II (JAN 1999) |
| 52.219-16 | Liquidated Damages--Subcontracting Plan (JAN 1999) |
| 52.222-1 | Notice to the Government of Labor Disputes (FEB 1997) |
| 52.222-3 | Convict Labor (AUG 1996) |
| 52.222-21 | Prohibition of Segregated  Facilities (FEB 1999) |
| 52.222-26 | Equal Opportunity (FEB 1999) |

| Clause Number | Clause Title |
|---|---|
| 52.222-35 | *Affirmative Action for Disabled Veterans and Veterans of the Vietnam Era (APR 1998)* |
| 52.222-36 | *Affirmative Action for Workers With Disabilities (JUN 1998)* |
| 52.222-37 | *Employment Reports on Disabled Veterans and Veterans of the Vietnam Era (JAN 1999)* |
| 52.222-41 | *Service Contract Act of 1965, As Amended (MAY 1989)* |
| 52.222-43 | *Fair Labor Standards Act and Service Contract Act—Price Adjustment (Multiple Year and Option Contracts) (MAY 1989)* |
| 52.222-44 | *Fair Labor Standards Act and Service Contract Act—Price Adjustment (MAY 1989)* |
| 52.222-47 | *SCA Minimum Wages and Fringe Benefits Applicable to Successor Contract Pursuant to Predecessor Contractor Collective Bargaining Agreement (MAY 1989)* |
| 52.222-50 | *Nondisplacement of Qualified Workers (MAY 1999)* |
| 52.223-5 | *Pollution Prevention and Right-to-Know Information (APR 1998)* |

United States Marshals Service Fifth Judicial Circuit Contract Number MS-02-D-0001
Judicial Security Division  Contractor: Akal Security

| 52.223-6 | Drug-Free Workplace (JAN 1997) |
| 52.223-14 | Toxic Chemical Release Reporting (OCT 2000) |
| 52.224-1 | Privacy Act Notification (APR 1984) |
| 52.224-2 | Privacy Act (APR 1984) |
| 52.225-13 | Restrictions on Certain Foreign Purchases (JUL 2000) |
| 52.226-1 | Utilization of Indian Organizations and India-Owned Economic Enterprises (JUN 2000) |
| 52.227-1 | Authorization and Consent (JUL 1995) |
| **Clause Number** | **Clause Title** |
| 52.227-2 | Notice and Assistance Regarding Patent and Copyright Infringement (AUG 1996) |
| 52.228-5 | Insurance—Work on a Government Installation (JAN 1997) |
| 52.229-3 | Federal, State, and Local Taxes (JAN 1991) |
| 52.229-5 | Taxes—Contracts Performed in U.S. Possessions or Puerto Rico (APR 1984) |
| 52.232-1 | Payments (APR 1984) |
| 52.232-8 | Discounts for Prompt Payment (MAY 1997) |
| 52.232-11 | Extras (APR 1984) |
| 52.232-17 | Interest (JUN 1996) |
| 52.232-18 | Availability of Funds (APR 1984) |
| 52.232-23 | Assignment of Claims (JAN 1986) |
| 52.232-25 | Prompt Payment (JUN 1997) |
| 52.232-33 | Payment by Electronic Funds Transfer - Central Contractor Registration (MAY 1999) |
| 52.233-1 | Disputes, (DEC 1998) Alternate I (DEC 1991) |
| 52.233-3 | Protest After Award (AUG 1996) |
| 52.237-2 | Protection of Government Buildings, Equipment and Vegetation (APR 1984) |
| 52.237-3 | Continuity of Services (JAN 1991) |
| 52.242-13 | Bankruptcy (JUL 1995) |
| 52.243-1 | Changes--Fixed Price (AUG 1987) Alternate I (APR 1984) |

United States Marshals Service          Fifth Judicial Circuit          Contract Number MS-02-D-0001
Judicial Security Division                                               Contractor: Akal Security

| 52.244-5 | Competition in Subcontracting (DEC 1996) |
|---|---|

| Clause Number | Clause Title |
|---|---|
| 52.245-1 | Property Records (APR 1984) |
| 52.246-25 | Limitation of Liability--Services (FEB 1997) |
| 52.249-4 | Termination for Convenience of the Government (Services) (Short Form) (APR 1984) |
| 52.249-8 | Default (Fixed Price Supply and Service) (APR 1984) |
| 52.253-1 | Computer Generated Forms (JAN 1991) |

**(ADDITIONAL CLAUSES--APPLICABLE TO TIME-AND-MATERIAL CLAUSES ONLY.)**

| Clause Number | Clause Title |
|---|---|
| 52.230-2 | Cost Accounting Standards (APR 1998) |
| 52.230-3 | Disclosure and Consistency of Cost Accounting Practices (APR 1998) |
| 52.230-6 | Administration of Cost Accounting Standards (NOV 1999) |
| 52.232-7 | Payments Under Time-And-Materials and Labor Hour Contracts (MAR 2000) |
| 52.232-9 | Limitation on Withholding of Payments (APR 1984) |
| 52.243-3 | Changes--Time-and-Materials and Labor Hours (SEP 2000) |
| 52.244-6 | Subcontracts for Commercial Items and Commercial Components (OCT 1998) |
| 52.245-5 | Government Property (Cost-Reimbursement, Time-and-Material or Labor-Hour Contracts) (JAN 1986) |
| 52.249-14 | Excusable Delays (APR 1984) |

**SECTION J**

**LIST OF ATTACHMENTS**

| ATTACHMENT | TITLE |
|---|---|
| 1 | Applicable Department of Labor Wage Determinations |
| 1(A) | Lead Court Security Officer Conformance Rates *(Not covered by a Collective Bargaining Agreement)* |

I - 7

United States Marshals Service      Fifth Judicial Circuit      Contract Number MS-02-D-0001
Judicial Security Division      Contractor: Akal Security

| 1(B) | Actual Wages and Benefits for Sites Covered by Non-CBA Wage Determinations |
|---|---|
| 1(B)(1) | Current Seniority Listing For All LCSOs and CSOs |
| 1(C) | Cost Estimate Summary |
| 1(D) | Past Performance Survey |
| 1(E) | Past Performance Survey Rating Guidelines |

| 2 | **EMPLOYMENT FORMS** |
|---|---|
| 2(A) | USMS Form 234, Personnel Qualification Statement |
| 2(B)(1) | USMS Form 333, Weapons Qualification and Familiarization Record |
| 2(B)(2) | Handgun Qualification Course of Fire For Court Security Officers (CSOs) |
| 2(B)(3) | CSO Semi-Auto Handgun Qualification Course |
| 2(C) | FD Form 258, FBI Fingerprint Card |
| 2(D) | Standards of Performance Certification |
| 2(E) | CSO Form 009, CSO Transfer / Resignation / Termination Sheet |
| 2(F) | USM-229, Certification of Medical Examination for Court Security Officers |
| 2(G) | Entry on Duty Transmittal Sheet |
| 2(H) | RESERVED. |
| 2(I) | CSO Form 010, New And Replacement CSO Transmittal Sheet |
| 2(J) | Contractor's Preliminary Background Check |
| 2(K) | In-District Training Program Certificate |

| 3 | **REPORT FORMS** |
|---|---|
| 3(A) | SF 294, Subcontracting Report for Individual Contract |
| 3(B) | SF 295, Summary Subcontract Report |
| 3(C) | Subcontracting Plan (included after contract award.) |
| 3(D) | Sample Wage / Price Adjustment Spreadsheet |
| 3(E)(1) | Form FS/FASSG, Travel Voucher Summary |

# Section J - Attachments

# SECTION J - ATTACHMENT 1

# 5TH JUDICIAL CIRCUIT

5th CIRCUIT
ATTACHMENT 1

| District | City | County | Wage Determination no. | DATE | Union Name |
|----------|------|--------|------------------------|------|------------|
| E.LA | New Orleans | Orleans | 98-0433(R1) | 05/24/00 | UGSOA Local #111 |
| M.LA | Baton Rouge | E. Baton Rouge | 98-0434(R1) | 05/24/00 | UGSOA Local #110 |
| W.LA | Shreveport | Caddo | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| | Lafayette | Lafayette | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| | Monroe | Oachita | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| | Opelousas | St. Landry | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| | Alexandria | Rapides | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| | Lake Charles | Calcasieu | 98-0435(R1) | 05/24/00 | UGSOA Local #109 |
| N.MS | Oxford | Lafayette | 98-0444(R1) | 05/24/00 | N. Miss. CSO Assoc. |
| | Greenville | Washington | 98-0444(R1) | 05/24/00 | N. Miss. CSO Assoc. |
| | Aberdeen | Monroe | 98-0444(R1) | 05/24/00 | N. Miss. CSO Assoc. |
| S. MISS | Jackson | Hinds | 98-0439(R1) | 05/24/00 | UGSOA Local #105 |
| | Biloxi | Harrison | 98-0438(R1) | 05/24/00 | UGSOA Local #106 |
| | Gulfport | Harrison | 98-0438(R1) | 05/24/00 | UGSOA Local #106 |
| | Hattiesburg | Forrest | 98-0438(R1) | 05/24/00 | UGSOA Local #106 |
| | Natchez | Adams | 98-0438(R1) | 05/24/00 | UGSOA Local #106 |
| N. Texas | Dallas | Dallas | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| | Amarillo | Randall | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| | Ft. Worth | Tarrant | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| | Lubbock | Lubbock | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| | Abilene | Taylor | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| | San Angelo | Tom Green | 98-0433(R1) | 05/24/00 | UGSOA Local #78 |
| E. Texas | Tyler | Smith | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Beaumont | Jefferson | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Texarkana | Bowie | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Sherman | Grayson | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Lufkin | Angelina | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Plano | Collin | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| | Marshall | Harrison | 98-0441(R1) | 05/24/00 | UGSOA Local #86 |
| S. Texas | Houston | Ft. Bend | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | Brownsville | Cameron | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | Corpus Christi | Neuces | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | Galveston | Galveston | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | Laredo | Webb | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | Victoria | Victoria | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| | McAllen | Hidalgo | 98-0436(R1) | 05/24/00 | UGSOA Local #108 |
| W.Texas | San Antonio | Bexar | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Austin | Travis | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | El Paso | El Paso | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Midland | Midland | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Pecos | Reeves | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Waco | McLennan | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Del Rio | Val Verde | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |
| | Alpine | Brewster | 98-0442(R1) | 05/24/00 | UGSOA Local #85 |

# Section J - Attachment 1(B)

Wages and Benefits and Other Information for Sites Not Covered by CBA

5th Judicial Circuit
Northern District of Texas

| Title | Status | Anniversary Date | Hourly Wage | H&W | Uniform Allow. | Life Insur. | Holi-days | Personal Days |
|-------|--------|------------------|-------------|-----|----------------|-------------|-----------|---------------|
| LCSO | FT | 07/31/00 | 13.45 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 06/24/98 | 13.45 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 09/08/98 | 13.45 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 01/20/85 | 19.25 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 12/23/83 | 19.25 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 03/23/98 | 13.45 | 1.92 | 0.11 | 0.04 | 10 | 6 |
| LCSO | FT | 08/30/00 | 13.45 | 1.92 | 0.11 | 0.04 | 10 | 6 |

# SECTION J – ATTACHMENT I(B)(1)

## SOLICITATION NO.:MS-01-R-0006

### EASTERN DISTRICT OF LOUISIANA
### (5ᵀᴴ Judicial Circuit)

| No. | Site No. | Employee Status Fulltime/Shared | Seniority |
|-----|----------|--------------------------------|-----------|
| 1. | 34C | SH | 01/18/00 |
| 2. | 34B | SH | 10/20/98 |
| 3. | 34B | FT | 2/27/91 |
| 4. | 34A | FT | 03/13/00 |
| 5. | 34A | SH | 04/06/90 |
| 6. | 34B | FT | 11/22/94 |
| 7. | 34C | FT | 12/15/94 |
| 8. | 34A | FT | 07/15/89 |
| 9. | 34A | FT | 05/29/96 |
| 10. | 34C | SH | 09/11/00 |
| 11. | 34B | SH | 12/02/94 |
| 12. | 34A | FT | 04/06/90 |
| 13. | 34C | SH | 03/31/94 |
| 14 | 34B | SH | 05/13/97 |
| 15 | 34B | FT | 09/28/95 |
| 16 | 34A | FT | 04/06/90 |
| 17. | 34A | SH | 04/29/96 |
| 18. | 34A | SH | 10/07/97 |
| 19. | 34A | FT | 08/10/92 |
| 20. | 34B | FT | 12/02/94 |
| 21. | 34C | SH | 11/29/99 |
| 22. | 34A | FT | 02/08/93 |
| 23. | 34A | FT | 08/84 |
| 24. | 34C | FT | 09/15/98 |
| 25. | 34C | SH | 07/13/92 |
| 26. | 34B | FT | 09/14/99 |
| 27. | 34C | FT | 06/14/99 |
| 28. | 34C | FT | 07/31/97 |
| 29. | 34A | SH | 06/07/93 |
| 30. | 34C | FT | 10/83 |

| 31. | 34A | FT | 10/06/84 |
| 32. | 34A | FT | 09/01/92 |
| 33. | 34A | FT | 07/23/96 |
| 34. | 34A | FT | 04/06/90 |
| 35. | 34C | FT | 12/11/98 |
| 36. | 34A | FT | 08/25/92 |
| 37. | 34A | FT | 08/01/91 |
| 38. | 34A | SH | 06/02/95 |
| 39. | 34A | SH | 09/18/00 |
| 40. | 34A | FT | 05/06/91 |
| 41. | 34B | FT | 06/01/95 |
| 42. | 34C | FT | 05/22/97 |
| 43. | 34A | SH | 12/13/99 |
| 44. | 34A | FT | 09/29/97 |
| 45. | 34C | FT | 07/02/91 |
| 46. | 34A | VACANT | N/A |
| 47. | 34C | VACANT | N/a |

## SECTION J – ATTACHMENT 1(B)(1)

## SOLICITATION NO.: MS-01-R-0006

## MIDDLE DISTRICT OF LOUISIANA
### (5th Judicial Circuit)

| No. | Site No. | Employee Status Fulltime/Shared | Seniority Date |
|-----|----------|--------------------------------|----------------|
| 1. | 95G | SH | 05/01/96 |
| 2. | 95G | FT | 04/08/97 |
| 3. | 95A | FT | 10/01/98 |
| 4. | 95G | FT | 07/13/94 |
| 5. | 95A | FT | 09/28/98 |
| 6. | 95A | SH | 03/25/99 |
| 7 | 95G | FT | 05/13/96 |
| 8. | 95G | FT | 10/17/94 |
| 9. | 95A | SH | 06/28/99 |
| 10. | 95G | SH | 06/21/99 |
| 11. | 95G | FT | 11/16/98 |
| 12. | 95G | FT | 05/01/96 |
| 13 | 95G | FT | 10/17/94 |
| 14 | 95A | FT | 01/22/99 |
| 15. | 95A | FT | 10/12/83 |
| 16. | 95G | SH | 06/14/99 |
| 17. | 95G | FT | 11/07/94 |
| 18. | 95G | SH | 11/04/97 |
| 19. | 95G | FT | 08/14/95 |
| 20. | 95G | FT | 11/14/94 |

SECTION J – ATTACHMENT 1(B)(1)

SOLICITATION NO.: MS-01-R-0006

**WESTERN DISTRICT OF LOUISIANA**
**(5ᵀᴴ JUDICIAL CIRCUIT)**

| No. | Site No. | Employee Status Fulltime/Shared | Seniority |
|-----|----------|--------------------------------|-----------|
| 1. | 35A | SH | 06/22/92 |
| 2. | 35F | FT | 07/08/96 |
| 3. | 35K | SH | 07/16/90 |
| 4. | 35J | FT | 07/12/99 |
| 5. | 35J | FT | 12/14/98 |
| 6. | 35K | FT | 11/29/93 |
| 7. | 35C | FT | 10/24/94 |
| 8. | 35J | FT | 12/26/88 |
| 9. | 35J | FT | 09/01/83 |
| 10. | 35A | SH | 11/10/97 |
| 11. | 35F | FT | 09/29/97 |
| 12. | 35K | SH | 09/09/96 |
| 13. | 35K | FT | 09/16/91 |
| 14. | 35A | SH | 09/01/98 |
| 15. | 35G | SH | 02/22/94 |
| 16. | 35A | ST | 05/18/98 |
| 17. | 35F | SH | 05/17/99 |
| 18. | 35K | SH | 04/22/96 |
| 19. | 35J | FT | 09/14/98 |
| 20. | 35A | SH | 09/01/98 |
| 21. | 35K | SH | 01/24/00 |
| 22. | 35C | FT | 09/14/98 |
| 23. | 35J | SH | 10/04/99 |
| 24. | 35A | FT | 11/27/96 |
| 25. | 35C | FT | 03/24/97 |
| 26. | 35F | FT | 12/02/96 |
| 27. | 35J | FT | 09/23/91 |
| 28. | 35A | FT | 07/21/98 |
| 29. | 35A | FT | 11/27/96 |

| No. | Site Number | Employee Status Fulltime/Shared | Seniority Date |
|-----|-------------|--------------------------------|----------------|
| 30. | 35A | FT | 04/22/96 |
| 31. | 35K | FT | 06/29/98 |
| 32. | 35K | FT | 07/31/95 |
| 33. | 35D | SH | 09/08/98 |
| 34. | 35D | FT | 05/14/84 |
| 35. | 35A | SH | 07/17/00 |
| 36. | 35A | FT | 02/25/85 |
| 37. | 35K | SH | 05/08/00 |
| 38. | 35C | FT | 07/15/91 |
| 39. | 35F | SH | 09/21/98 |
| 40. | 35G | FT | 10/14/87 |
| 41. | 35G | FT | 01/01/95 |
| 42. | 35A | FT | 08/31/98 |
| 43. | 35K | FT | 01/01/95 |
| 44. | 35A | FT | 07/15/91 |
| 45. | 35F | FT | 05/06/96 |
| 46. | 35K | FT | 09/24/98 |
| 47. | 35C | SH | 09/14/98 |
| 48. | 35G | SH | 09/13/99 |
| 49. | 35D | FT | 01/17/95 |
| 50. | 35K | FT | 09/08/98 |
| 51. | 35F | FT | 10/26/87 |

SECTION J – ATTACHMENT 1(B)(1)

SOLICITATION NO.: MS-01-R-0006

NORTHERN DISTRICT OF MISSISSIPPI
(5th Judicial Circuit)

| No. | Site No. | Employee Status Fulltime/Shared | Seniority Date |
|-----|----------|--------------------------------|----------------|
| 1. | 42A | FT | 06/02/87 |
| 2. | 42C | SH | 10/13/98 |
| 3. | 42D | FT | 09/14/98 |
| 4. | 42D | SH | 09/21/98 |
| 5. | 42C | FT | 01/18/94 |
| 6. | 42D | FT | 05/05/97 |
| 7. | 42D | FT | 07/10/86 |
| 8. | 42A | FT | 05/28/90 |
| 9. | 42D | FT | 07/01/91 |
| 10. | 42A | SH | 06/07/99 |
| 11. | 42A | SH | 10/19/86 |
| 12. | 42D | SH | 09/28/98 |
| 13. | 42A | SH | 07/08/96 |
| 14. | 42D | FT | 06/29/98 |
| 15. | 42D | SH | 11/20/00 |
| 16. | 42D | FT | 08/05/96 |
| 17. | 42A | FT | 05/21/90 |
| 18. | 42A | SH | 07/01/91 |
| 19. | 42C | SH | 10/02/98 |
| 20. | 42A | FT | 08/12/96 |
| 21. | 42A | FT | 01/18/00 |
| 22. | 42A | FT | 07/29/91 |
| 23. | 42C | FT | 05/14/90 |
| 24. | 42C | FT | 07/22/91 |
| 25. | 42D | SH | 05/07/90 |

## SECTION J – ATTACHMENT 1(B)(1)

### SOLICITATION NO.:MS-01-R-0006

### SOUTHERN DISTRICT OF MISSISSIPPI
(5th Judicial Circuit)

| No. | Site No. | Employee Status Fulltime/Shared | Seniority Date |
|---|---|---|---|
| 1 | 43A | SH | 10/28/96 |
| 2 | 43J | SH | 05/19/97 |
| 3 | 43A | SH | 01/22/96 |
| 4 | 43A | FT | 11/01/99 |
| 5 | 43F | FT | 11/17/00 |
| 6 | 43F | FT | 07/29/97 |
| 7 | 43A | FT | 12/15/94 |
| 8 | 43A | FT | 10/01/95 |
| 9 | 43I | FT | 12/26/95 |
| 10 | 43A | FT | 06/21/99 |
| 11 | 43I | FT | 07/15/96 |
| 12 | 43F | FT | 12/26/96 |
| 13 | 43G | FT | 09/22/86 |
| 14 | 43A | FT | 06/20/90 |
| 15 | 43G | SH | 06/20/90 |
| 16 | 43J | FT | 03/30/93 |
| 17 | 43G | FT | 06/20/90 |
| 18 | 43F | SH | 01/03/00 |
| 19 | 43F | SH | 03/20/00 |
| 20 | 43I | FT | 06/24/96 |
| 21 | 43J | FT | 08/04/87 |
| 22 | 43J | SH | 08/31/98 |
| 23 | 43I | SH | 08/23/99 |
| 24 | 43J | SH | 12/20/88 |
| 25 | 43G | FT | 07/21/89 |
| 26 | 43I | SH | 11/22/99 |
| 27 | 43I | SH | 03/17/97 |
| 28 | 43A | SH | 08/14/00 |

| 29 | 43L | SH | 6/28/99 |
|----|-----|----|---------|
| 30 | 43A | FT | 2/01/85 |
| 31 | 43A | FT | 2/01/00 |
| 32 | 43A | SH | 2/18/97 |
| 33 | 43I | FT | 02/18/97 |

# SECTION J – ATTACHMENT 1(B)(1)

## SOLICITATION NO.: MS-01-R-0006

## WESTERN DISTRICT OF TEXAS
### (5th Judicial Circuit)

| | | Western District Of Texas | |
|---|---|---|---|
| | Site | Employee Status-Full-Time/Shared | Seniority Date |
| 1. | 80AC | FT | 10/01/97 |
| 2. | 80K | FT | 04/15/96 |
| 3. | 80K | SH | 07/17/96 |
| 4. | 80A | FT | 09/08/98 |
| 5. | 80K | FT | 08/27/98 |
| 6. | 80I | SH | 03/01/99 |
| 7. | 80AA | SH | 04/26/99 |
| 8. | 80AC | FT | 10/01/94 |
| 9. | 80A | FT | 03/16/98 |
| 10. | 80E | SH | 08/06/90 |
| 11 | 80A | FT | 04/17/98 |
| 12. | 80A | FT | 11/17/95 |
| 13. | 80AC | SH | 06/08/99 |
| 14. | 80A | FT | 12/7/88 |
| 15. | 80V | FT | 09/20/99 |
| 16. | 80A | FT | 08/09/99 |
| 17. | 80D | FT | 04/22/96 |
| 18. | 80A | FT | 07/21/97 |
| 19. | 80D | FT | 06/10/85 |
| 20. | 80D | FT | 11/26/90 |
| 21. | 80K | FT | 10/21/96 |
| 22. | 80A | FT | 05/02/94 |
| 23. | 80A | FT | 06/07/99 |
| 24. | 80A | SH | 04/13/99 |

| | | | |
|---|---|---|---|
| 25. | 80D | FT | 08/18/88 |
| 26. | 80G | FT | 06/11/96 |
| 27. | 80G | FT | 05/07/90 |
| 28. | 80A | FT | 06/19/96 |
| 29. | 80A | FT | 06/09/99 |
| 30. | 80AC | SH | 08/03/00 |
| 31. | 80V | SH | 08/03/92 |
| 32. | 80AD | SH | 10/22/98 |
| 33. | 80AD | SH | 11/16/98 |
| 34. | 80V | FT | 10/01/98 |
| 35. | 80E | SH | 11/01/94 |
| 36. | 80A | FT | 07/13/00 |
| 37. | 80AC | FT | 12/04/95 |
| 38. | 80E | FT | 07/27/98 |
| 39. | 80V | FT | 02/24/94 |
| 40. | 80G | SH | 09/03/98 |
| 41. | 80I | SH | 01/02/01 |
| 42. | 80E | FT | 04/19/99 |
| 43. | 80AA | SH | 08/25/98 |
| 44. | 80B | FT | 05/18/98 |
| 45. | 80G | FT | 06/21/99 |
| 46. | 80V | FT | 08/02/99 |
| 47. | 80D | SH | 04/03/84 |
| 48. | 80V | SH | 02/14/99 |
| 49. | 80B | FT | 02/22/93 |
| 50. | 80A | FT | 07/06/98 |
| 51. | 80G | FT | 02/28/85 |
| 52 | 80A | FT | 03/10/97 |
| 53. | 80E | FT | 07/30/98 |
| 54. | 80A | FT | 12/18/95 |
| 55. | 80A | FT | 03/24/99 |
| 56. | 80E | FT | 05/01/95 |
| 57. | 80B | FT | 12/11/00 |
| 58. | 80AA | FT | 09/21/98 |
| 59. | 80K | FT | 07/06/99 |
| 60. | 80B | FT | 10/18/93 |
| 61. | 80D | SH | 04/13/98 |
| 62. | 80A | FT | 02/03/97 |

| | | | |
|---|---|---|---|
| 63. | 80V | FT | 06/13/95 |
| 64. | 80D | SH | 08/02/99 |
| 65. | 80T | SH | 10/12/99 |
| 66. | 80B | FT | 08/17/98 |
| 67. | 80T | SH | 08/13/98 |
| 68. | 80A | FT | 07/30/84 |
| 69. | 80I | FT | 07/07/98 |
| 70. | 80G | SH | 08/31/98 |
| 71. | 80D | FT | 04/18/88 |
| 72. | 80E | FT | 06/12/95 |
| 73. | 80A | FT | 07/06/98 |
| 74. | 80D | SH | 02/25/85 |
| 75. | 80K | SH | 12/05/94 |
| 76. | 80G | FT | 03/08/99 |
| 77. | 80B | FT | 03/15/00 |
| 78. | 80AC | FT | 11/27/95 |
| 79. | 80D | FT | 01/05/98 |
| 80. | 80D | FT | 06/21/93 |
| 81. | 80D | FT | 06/01/92 |
| 82. | 80A | FT | 09/01/98 |
| 83 | 80K | FT | VACANT |
| 84. | 80L | SH | VACANT |

## SECTION J – ATTACHMENT 1(B)(1)

## SOLICITATION NO.: MS-01-R-0006

## EASTERN DISTRICT OF TEXAS
### (5th Judicial Circuit)

| | Site | EASTERN DISTRICT OF TEXAS Employee Status-Full-Time/Shared | Seniority Date |
|---|---|---|---|
| 1. | 78B | FT | 08/02/89 |
| 2. | 78E | FT | 06/23/97 |
| 3. | 78C | FT | 03/19/97 |
| 4. | 78M | FT | 08/13/98 |
| 5. | 78A | SH | 12/01/97 |
| 6. | 78A | FT | 11/25/96 |
| 7. | 78B | FT | 10/22/96 |
| 8. | 78E | SH | 10/13/98 |
| 9. | 78A | SH | 06/87 |
| 10. | 78M | SH | 09/25/98 |
| 11 | 78C | SH | 08/26/96 |
| 12. | 78L | FT | 12/05/94 |
| 13. | 78B | FT | 06/06/96 |
| 14. | 78J | SH. | 04/19/99 |
| 15. | 78C | SH | 07/19/95 |
| 16. | 78A | FT | 06/03/96 |
| 17. | 78B | FT | 06/06/96 |
| 18. | 78B | FT | 05/24/99 |
| 19. | 78C | FT | 09/01/98 |
| 20. | 78B | FT | 09/05/96 |
| 21. | 78E | SH | 06/28/99 |
| 22. | 78J | FT | 1/28/91 |
| 23. | 78L | FT | 06/06/97 |
| 24. | 78D | SH. | 12/08/98 |

| 25. | 78A | FT | 07/ |
|-----|-----|----|-----|
| 26. | 78B | FT | 08/07/96 |
| 27. | 78A | FT | 09/05/95 |
| 28. | 78C | FT | 07/18/95 |
| 29. | 78B | SH | 05/17/00 |
| 30. | 78A | FT | 02/13/95 |
| 31. | 78B | FT | 09/01/98 |
| 32. | 78B | SH | 01/29/01 |
| 33. | 78J | SH | 12/16/97 |
| 34. | 78I | FT | 07/19/96 |
| 35. | 78I | FT | 07/24/94 |
| 36. | 78M | FT | 05/12/97 |
| 37. | 78J | SH | 08/18/95 |
| 38. | 78B | SH | 03/13/94 |
| 39. | 78M | SH | 06/91 |
| 40. | 78A | SH | 09/28/98 |
| 41. | 78D | SH | 11/23/98 |
| 42. | 78I | SH | 11/15/99 |
| 43. | 78C | FT | 07/93 |
| 44. | 78A | FT | 02/10/97 |
| 45. | 78B | FT | 02/27/89 |
| 46. | 78B | SH | 06/14/99 |
| 47. | 78B | FT | 06/07/90 |
| 48. | 78E | FT | 07/31/95 |

# SECTION J – ATTACHMENT 1(B)(1)

## SOLICITATION NO.: MS-01-R-0006

## NORTHERN DISTRICT OF TEXAS
### (5th Judicial Circuit)

| | | Northern District Of Texas | |
|---|---|---|---|
| | Site | Employee Status-Full-Time/Shared | Seniority Date |
| 1. | 77AA | FT | 07/15/87 |
| 2. | 77D | FT | 07/17/85 |
| 3. | 77D | FT | 04/01/92 |
| 4. | 77A | FT | 05/10/87 |
| 5. | 77G | FT. | 08/30/00 |
| 6. | 77E | SH | 09/20/99 |
| 7. | 77E | FT | 05/30/89 |
| 8. | 77A | FT | 12/27/93 |
| 9. | 77A | FT | 05/03/99 |
| 10. | 77E | SH | 05/01/91 |
| 11. | 77J | FT | 09/27/99 |
| 12. | 77A | FT | 01/20/85 |
| 13. | 77C | FT | 06/24/98 |
| 14. | 77D | FT | 08/22/90 |
| 15. | 77D | SH | 10/10/00 |
| 16. | 77A | FT | 05/01/95 |
| 17. | 77A | SH | 07/28/99 |
| 18. | 77A | FT | 06/24/96 |
| 19. | 77E | FT | 05/03/00 |
| 20. | 77D | FT | 03/24/94 |
| 21. | 77A | FT | 01/19/99 |
| 22. | 77A | FT | 03/02/87 |
| 23. | 77A | FT | 10/31/97 |
| 24. | 77A | FT | 11/07/97 |
| 25. | 77A | FT | 06/15/90 |
| 26. | 77E | FT | 09/16/96 |
| 27. | 77A | FT | 09/16/88 |
| 28. | 77J | FT | 07/01/99 |
| 29. | 77A | FT | 03/15/93 |
| 30. | 77B | SH | 07/31/00 |
| 31. | 77E | FT | 01/19/99 |

| 32. | 77A | FT | 07/29/96 |
|-----|-----|----|----------|
| 33. | 77A | SH | 08/02/99 |
| 34. | 77E | FT | 03/23/98 |
| 35. | 77D | FT | 12/23/83 |
| 36. | 77A | SH | 7/06/99 |
| 37. | 77D | SH | 10/03/00 |
| 38. | 77C | SH | 6/05/95 |
| 39. | 77A | FT | 9/25/95 |
| 40. | 77C | SH | 2/01/85 |
| 41. | 77A | FT | 6/18/90 |
| 42. | 77A | FT | 6/10/96 |
| 43. | 77C | FT | 9/08/98 |
| 44. | 77C | FT | 9/20/99 |
| 45. | 77A | FT | 4/26/99 |
| 46. | 77B | SH | VACANT |

SECTION J- ATTACHMENT 1(B)(1)

SOLICITATION NO.:MS-01-R-0006

SOUTHERN DISTRICT OF TEXAS

(5TH Judicial Circuit)

| | | Southern District of Texas | |
|---|---|---|---|
| | Site | Employee Status-Full-Time/Shared | Seniority Date |
| 1. | 79C | SH | 06/07/99 |
| 2. | 79M | SH | 11/18/99 |
| 3. | 79K | SH | 01/10/00 |
| 4. | 79M | FT | 01/30/92 |
| 5. | 79Q | SH | 02/16/99 |
| 6. | 79E | FT | 03/01/84 |
| 7. | 79T | FT | 05/03/99 |
| 8. | 79D | FT | 09/08/97 |
| 9. | 79A | FT | 09/28/98 |
| 10. | 79K | FT | 08/10/98 |
| 11. | 79T | FT | 06/17/92 |
| 12. | 79A | SH | 02/07/00 |
| 13. | 79O | FT | 04/19/93 |
| 14. | 79J | FT | 03/06/89 |
| 15. | 79J | SH | 09/08/98 |
| 16. | 79E | FT | 03/01/84 |
| 17. | 79D | SH | 12/14/94 |
| 18. | 79A | FT | 08/12/98 |
| 19. | 79A | FT | 07/05/98 |
| 20. | 79E | FT | 08/20/98 |
| 21. | 79J | FT | 06/08/98 |
| 22. | 79A | FT | 06/22/98 |
| 23. | 79A | SH | 05/22/00 |
| 24. | 79M | SH | 09/01/98 |
| 25. | 79K | FT | 08/31/98 |

| | | | |
|---|---|---|---|
| 26. | 79T | FT | 10/20/99 |
| 27. | 79T | FT | 11/15/99 |
| 28. | 79D | SH | 05/02/94 |
| 29. | 79A | FT | 01/26/97 |
| 30. | 79A | FT | 08/27/90 |
| 31. | 79K | FT | 06/24/96 |
| 32. | 79K | SH | 06/21/88 |
| 33. | 79K | FT | 04/05/99 |
| 34. | 79A | FT | 03/30/98 |
| 35. | 79a | FT | 09/02/94 |
| 36. | 79C | FT | 08/31/98 |
| 37. | 79O | SH | 10/13/98 |
| 38. | 79A | SH | 08/14/00 |
| 39. | 79K | SH | 12/27/99 |
| 40. | 79M | FT | 10/08/96 |
| 41. | 79T | FT | 06/07/99 |
| 42. | 79O | FT | 01/25/96 |
| 43. | 79J | SH | 02/16/99 |
| 44. | 79A | FT | 10/06/95 |
| 45. | 79A | FT | 09/02/98 |
| 46. | 79C | FT | 08/24/98 |
| 47. | 79C | FT | 12/22/88 |
| 48. | 79C | FT | 06/24/96 |
| 49. | 79E | FT | 10/08/96 |
| 50. | 79O | SH | 09/07/00 |
| 51. | 79Q | FT | 03/01/84 |
| 52. | 79D | FT | 09/14/98 |
| 53. | 79K | FT | 06/01/98 |
| 54. | 79A | SH | 11/08/99 |
| 55. | 79A | FT | 05/15/91 |
| 56. | 79T | SH | 08/19/92 |
| 57. | 79Q | FT | 08/22/97 |
| 58. | 79E | FT | 03/01/93 |
| 60. | 79Q | SH | 09/16/96 |
| 61. | 79C | FT | 08/24/98 |
| 62. | 79K | FT | 03/23/95 |
| 63. | 79A | FT | 07/08/85 |

| 64. | 79K | SH | 04/01/93 |
|-----|-----|----|----------|
| 65 | 79C | SH | 08/09/99 |
| 66. | 79A | FT | 09/14/98 |
| 67. | 79A | SH | 07/25/00 |
| 68. | 79A | SH | 10/27/00 |
| 69. | 79A | FT | 07/17/96 |
| 70. | 79T | FT | 11/23/98 |
| 71. | 79A | SH | 11/08/99 |
| 72. | 79T | FT | 03/01/84 |
| 73. | 79E | SH | 09/01/98 |
| 72. | 79T | FT | 03/01/84 |
| 73. | 79E | SH | 09/01/98 |
| 74. | 79E | SH | 12/07/98 |
| 75. | 79A | SH | 04/28/99 |
| 76. | 79A | SH | 12/05/91 |
| 77. | 79D | FT | 08/01/96 |
| 78. | 79A | FT | 04/14/97 |
| 79. | 79C | FT | 08/22/94 |
| 80. | 79J | FT | 08/01/94 |
| 81. | 79A | FT | 09/23/97 |
| 82. | 79D | FT | 07/08/85 |
| 83. | 79J | FT | 06/15/92 |
| 84. | 79A | FT | 09/24/97 |
| 85. | 79D | FT | 02/15/93 |
| 86. | 79T | FT | 06/07/99 |
| 87. | 79T | FT | VACANT |

## Contractor Past Performance Evaluation

1. Contractor Name and Address (Identify Division):

2. Contract Number:

3. Contract Value (base plus options):

4. Contract Award Date:

5. Contract Completion Date:

6. Type of Contract: (Check all that apply)– [ ] Fixed price [ ] Fixed Price Incentive [ ] Fixed Price - Economic Price Adjustment [ ] Award Fee [ ] Cost plus fixed fee [ ] cost plus incentive fee [ ] cost plus award fee [ ] ID/IQ [ ] BOA [ ] Requirements [ ] Labor hour [ ] Time and materials [ ] Small business set aside (8a) [ ] SBIR [ ] Sealed Bid [ ] Negotiated [ ] Competitive [ ] Non- competitive

7. Description of Requirement:

8. Name and phone number of evaluator:

9. Company and address of evaluator:

10. **Ratings.** Summarize contractor performance and circle in the column on the right the number which corresponds to the performance rating for each rating category. Please see attached explanation of the rating scale. **Note to Evaluator: Please evaluate the company management, not the specific guards or personnel provided by the contractor.**

| Subject | Comments | Rating |
| --- | --- | --- |
| Ability to administer and manage contract. Includes corporate and administrative staffing levels, work flow, delegations of authority, communication plans. | | 0<br>1<br>2<br>3<br>4<br>5 |

**Section J - Attachment 1(D)**

| | | |
|---|---|---|
| Administrative controls such as invoicing, providing reports and other paperwork in a timely manner, i.e., price adjustment proposals. Responding to customer correspondence | | 0<br>1<br>2<br>3<br>4<br>5 |
| Ability to handle personnel problems such as disciplinary process, labor relations, dealing with unions, etc. | | 0<br>1<br>2<br>3<br>4<br>5 |
| Demonstrated financial capability, i.e., ability to meet payroll and other commitments. | | 0<br>1<br>2<br>3<br>4<br>5 |
| Ability to control costs, i.e., payroll costs, management expenses, uniform costs, etc. | | 0<br>1<br>2<br>3<br>4<br>5 |
| Recruitment and selection of personnel. Process of paperwork such as background investigations. | | 0<br>1<br>2<br>3<br>4<br>5 |
| Customer satisfaction | | 0<br>1<br>2<br>3<br>4<br>5 |

Summarize contractor performance in each of the rating areas. Assess each area a rating of 0 (Unsatisfactory), 1 (Poor), 2 (Fair), 3 (Good), 4 (Excellent), or ++ (Plus). Use the following instructions as guidance in making these evaluations. Ensure that this assessment is consistent with any other Agency assessments made (i.e., for payment of fee purposes).

| | Quality of Product/Service | Cost Control | Timeliness of Performance | Business Relations |
|---|---|---|---|---|
| | -Compliance with contract requirement<br>-Accuracy of reports<br>-Appropriateness of personnel<br>-Technical excellence | -With budget (over/under target costs)<br>-Current, accurate, and complete billings<br>-Relationship of negotiated costs to actuals<br>-Cost efficiencies<br>-Change order issue | -Met interim milestones<br>-Reliable<br>-Responsive to technical direction<br>-Completed on time, including wrap-up and contract administration<br>-No liquidated damages assessed | -Effective management<br>-Businesslike correspondence<br>-Responsive to contract requirements<br>-Prompt notification of problems<br>-Reasonable/cooperative<br>-Flexible<br>-Pro-active<br>-Effective contractor-recommended solutions<br>-Effective small/small disadvantaged business subcontracting program |
| 0. Unsatisfactory | Nonconformances are compromising the achievement of contract requirements, despite use of Agency resources | Cost issues are compromising performance of contract requirements. | Delays are compromising the achievement of contract requirements, despite use of Agency resources. | Response to inquiries, technical/service/ administrative issues is not effective and responsive. |
| 1. | Nonconformances require major Agency resources to ensure achievement of contract requirements. | Cost issues require major Agency resources to ensure achievement of contract requirements. | Delays require major Agency resources to ensure achievement of contract requirements. | Response to inquiries, technical/service/ administrative issues is marginally effective and responsive. |
| 2. Fair | Nonconformances do not impact achievement of | Cost issues require minor Agency resources to ensure achievement of contract requirements. | Delays require minor Agency resource to ensure achievement of contract requirements. | Response to inquiries, technical/service/ administrative issues is somewhat effective and responsive. |
| 3. Good | Nonconformances do not impact achievement of contract requirements. | Cost issued do not impact achievement of contract requirements. | Delays do not impact achievement of contract requirements. | Response to inquiries, technical/service/ administrative issues is usually effective and responsive. |
| 4. Excellent | There are no quality problems. | There are no cost issues. | There are no delays. | Response to inquiries, Technical/service/ administrative issues is effective and responsive. |

+ Plus   The contractor has demonstrated an exceptional performance level in any of the above four categories that justifies adding a point to the score. It is expected that this rating will be used in those rare circumstances when contractor performance clearly exceeds the performance levels described as "Excellent."

U.S. Department of Justice
United States Marshals Service

**Personal Qualifications Statement
(Contract Guard)**

READ THE BELOW INFORMATION PRIOR TO COMPLETING.

**WHAT AUTHORITY DO WE HAVE TO ASK YOU FOR THE INFORMATION REQUESTED ON THIS FORM?**

The U.S. Government is authorized to ask for this information under section 301 of title 5 and section 3101 of title 44 of the U.S. Code. We ask for your Social Security number to keep our records accurate, because other people may have the same name and birth date. Executive Order 9397 also asks Federal agencies to use this number to help identify individuals in agency records.

*Race* is used in providing Equal Employment Opportunity (EEO) statistical data (no names are ever removed associated with this data) and to ensure that this agency is complying with EEO guidelines in the hiring of minorities. *You do not have to provide race information if you do not desire to do so.*

**HOW DO WE USE THIS FORM.**

Review the form in its entirety prior to answering any questions. Be sure that you understand the questions and your responses prior to completion of the form.

This form will be used in processing your application. We use the information from this form primarily as the basis for an initial background investigation that will be used to determine your qualifications (to include law enforcement qualifications), suitability and eligibility for a clearance to work for the U.S. Government under contract.

Asking you for this information is in compliance with the Privacy Act of 1974. The information you give us is for Official *Use Only; is* protected from unauthorized disclosure. The U.S. Marshals Service may share some information with Federal and other sources to get additional information about you. We may also give some of the information to Federal, State, and local agencies checking on law violations or for other lawful purposes.

Giving us the information we ask for is voluntary. However, we may not be able to complete your investigation, or complete it in a timely manner, if you don't give us each item of information we request. This may affect your employment or clearance prospects to work for the U.S. Government under contract.

TYPE OR LEGIBLY PRINT YOUR ANSWERS. We cannot accept your form if it is not legible.

STATE CODES. Use the State Codes (two letter abbreviations) used by the Post Office, if you cannot spell out the state. *Do not abbreviate names of cities.*

USE 5 OR 9 - DIGIT ZIP CODES. If you do not know a ZIP Code, a ZIP Code directory is available at all Post Offices. Please use them.

DATES. When providing dates, use YYMMDD. For example, June 8, 1988, would be 980608 and January 1988 would be 880 1.

ADDITIONAL SHEETS. If there is not enough room on the sheets provided, please attach additional sheets so that you can provide as complete an answer as possible. Be sure to indicate the item number corresponding to the item being carried over to the additional sheet. Place your name and social security number on the additional sheet so that it can be readily identified if it should become separated from the form.

SIGNATURE AND DATE. Be sure to sign the forms in black or blue-black ink. *DO NOT DATE THE FORMS* The processing office will date the forms when they receive them.

ANY FORMS THAT ARE RECEIVED INCOMPLETE WILL BE RETURNED. THIS WILL DELAY THE PROCESSING OF YOUR CASE AND COULD EVEN RESULT IN YOUR NOT BEING SELECTED.

**Section J - Attachment 2(A)**

USM-234
Rev. 2/90
Automated 01/01

DOCUMENTATION. Copies of documents that verify any significant claims or activities should be provided. For example: alien registration; naturalization certificate; originals or certified copies of college transcripts or degrees; high school diploma; professional license(s) or certificate(s); military discharge certificate(s) (DD Form 214); marriage certificate(s); divorce papers; tax returns; passport; and/or business licenses(s).

NAME CHANGES. If you have had a name change from that indicated on the form, you must provide a copy of the documentation of any legal name change. If the name you are currently using is not a legal name, please use your official name as indicated on your birth certificate or marriage license.

EMPLOYMENT. Ensure that you list any previous law enforcement related employment, including military (i.e. Military Police, Master at Arms, etc.).

## WHAT ARE THE PENALTIES FOR INACCURATE OR FALSE INFORMATION?

The U.S. Criminal Code provides that knowingly falsifying or concealing a material fact is a felony which may result in fines of up to $ 10,000, or 5 year imprisonment, or both. In addition, Federal agencies generally fire of disqualify individuals who have materially and deliberately falsified these forms, and this remains a part of our permanent record for future use. Because the position for which you are being considered is a sensitive one, your trustworthiness is a very important consideration in deciding your suitability or eligibility for contract employment.

USM-234
Rev. 2/90
Automated 01/01

# PERSONNEL QUALIFICATIONS STATEMENT
## (CONTRACT GUARD)

Please Complete the following *(Print or Type):*
GENERAL INFORMATION

1. NAME _____
        *Last*                      *First*                     *Middle*

2. PREFERRED TITLE  ☐ Mr. ☐ Mrs. ☐ Miss  ☐ Ms.
*(Check one)*

3. SOCIAL SECURITY NUMBER _____

4. OTHER NAMES USED *(including nicknames, aliases, maiden name, etc.)*
_____

5. CURRENT ADDRESS
    (No. Street, and Apt. No.. if applicable) _____ _____
    City _____ State _____ Zip _____
                                        Code

6. CURRENT PHONE   _____
   NUMBERS       *Home (Include Area Code)*           *Office (Include extension if applicable)*

7. PLACE OF BIRTH *(City/State or Foreign Country)* _____

8. DATE OF BIRTH *(Month, Day, Year)* _____

9. ARE YOU A CITIZEN OF THE UNITED STATES? (If no, *provide the following information)* ☐ Yes ☐ No
    Country of citizenship: _____
    Alien Registration Number: _____
    Date & Place Issued: _____

    If a Naturalized Citizen, provide the following information.
    Naturalization Number: _____
    Date & Place Issued: _____

10. Availability Data:  a. Date (month year) you will be available to start work _____
                   b. Number of hours you will be available to start work each month _____
                   c. Days of the week that you can work _____
                   d. Are you available to perform temporary guard duties in other cities? ☐ Yes  ☐ No

PHYSICAL DATA

11. HEIGHT *(inches)* _____     SEX ☐ Male  ☐ Female

    WEIGHT *(lbs.)* _____     RACE_____

    *NOTE.- List one of the following which apply - (B) Black,*
    *(W) White, (H) Hispanic. (API) Asian Pacific Islander (i.e.*
    *Hawaiian, Samoan, etc.), (A) Asian (Philippines, China, Japan,*
    *other Asian Counties), (NA) Native American (i.e. American*
    *Indian, Alaskan Eskimo, etc.).*

USM-234
Rev. 2/90
Automated 01/01

12. CURRENT PHYSICAL CONDITION *(Check one):*  ☐ Excellent  ☐ Good  ☐ Fair  ☐ Poor*
*(\*Note: If answer is Poor, provide detailed information in Item 34.)*

|  | YES | NO |
|---|---|---|
| 13. a. Do you have any physical or mental condition which might interfere with your ability to perform the work required (i.e., epilepsy, diabetes, alcoholism, drug addictions, cataracts, heart *(cardiovascular)* problems, psychiatric disorders, etc.? | ☐ | ☐ |
| b. Have you ever used any narcotic, depressant, stimulant, hallucinogen *(to include LSD or PCP, or cannabis) (to include marijuana or hashish),* except as prescribed by a licensed physician? | ☐ | ☐ |
| c. Have you ever been involved in the illegal purchase, possession, or sale of any narcotic, depressant, stimulant, hallucinogen, or cannabis? | ☐ | ☐ |
| d. Has your use of alcoholic beverages (such as liquor, beer, wine) ever resulted in the loss of a job, arrest by police, or treatment for alcoholism? | ☐ | ☐ |
| e. Have you ever been a patient *(whether or not formally committed)* in any institution primarily devoted to the treatment of mental, emotional, psychological, or personality disorders? | ☐ | ☐ |

*NOTE: If the answer to Question 13 a through e above is Yes, please provide detailed information in Item 34, Prior to award of a contract, you will be required to provide a physician's signed statement that the above condition will not interfere with your ability to perform the work required.*

EDUCATION LEVEL

14. Indicate the *highest* education level completed (check one box).

☐ Some High School   ☐ High School Diploma or GED Equiv.   ☐ Some College   ☐ College Degree

15. Major field of study at college _____ *(enter N/A if no college level work performed.)*

FOREIGN LANGUAGES

16. If you understand and can speak and/or read any language other than English, please list and indicate level of proficiency *(i.e. poor, average, good, fluent)*

_____

MILITARY SERVICE

17. List the dates, branch, and serial number for all active service *(enter N/A, if none)*

| INCLUSIVE DATES *(month/year)* | BRANCH OF SERVICE | SERIAL NO. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

18. Date of discharge *(month and year)* _____

19. Type of discharge *(honorable, dishonorable)* _____

20. Military security clearance held (if any) _____

-4-

PERSONAL BACKGROUND DATA

21. (NOTE: A conviction or a firing does not necessarily mean your application will not be approved. The nature of the conviction or firing and how long ago it occurred is important. Give all the facts so that a decision can be made.)

Within the last five years have you:

    a. Been fired from any job for any reason

    b. Quit after being notified that you would be fired?

    *(If the answer to either of the above is Yes, provide the name and address of the employer, approximate dates, and reasons in each case in Item 34.)*

22. During the past ten years,

    a. Have you ever been arrested, charged, cited, or held by Federal, State, or other law enforcement juvenile authorities, regardless of whether the citation was dropped or dismissed or you were found not guilty? Include all court martial or non-judicial punishment while in military service. (You may exclude minor traffic violations for which a fine or forfeiture of $100 or less was imposed.)

    b. As a result of being arrested, charged, cited or held by law enforcement or juvenile authorities, have you ever been convicted, fined by or forfeited bond to a Federal, State, or other judicial authority or adjudicated a youthful offender or juvenile delinquent (regardless of whether the record in your case has been "scaled" or otherwise stricken from the court record)?

    c. Have you ever been detained, held in, or served time in any jail or prison, or reform or industrial school or any juvenile facility or institution under the jurisdiction of any city, state, federal, or foreign country

    d. Have you ever been awarded, or are you now under suspended sentence, parole or probation, or awaiting any action on charges against you?

    e. Have you ever petitioned to be declared bankrupt?

23. Are you now or have you ever been a member of the Communist Party or any Communist organization (includes subscriptions to Communist newspapers and magazines)?

24. Are you now or have you ever been affiliated with any organization, association, movement, group, or combination of persons which advocates the overthrow of our constitutional form of government or which has adopted a policy of advocating or approving the commission of acts of force or violence to deny other persons their rights under the Constitution of the United States or which seeks to alter the form of government of the United States by unconstitutional means?

*NOTE: If your answer to questions 22 - 24 is Yes, give details in Item 34. Show for each offense: 1) date; 2) charge; 3) place; 4) court; and 5) action taken.*

25. To the best of your knowledge, have you ever been the subject of a background investigation (by either Federal, state, local, or private industry) or been given a security clearance?
If your answer is Yes, provide the following information:

| Agency requiring the clearance | Type of Clearance/ Investigation | Date Clearance Issued/ Investigation Completed |
|---|---|---|
| | | |
| | | |
| | | |

26. Do you have a current drivers license?

    If so, for what state?

- 5 -

|  | YES | NO |
|---|---|---|

27. Do you have an automobile to provide your own transportation in those instances when and/or where guard duty is to be performed and public transportation is unavailable?   ☐   ☐

28. Are you qualified and licensed to carry a firearm? *(NOTE.- Generally USMS contract guards will not be armed while performing their duties.)*   ☐   ☐

29. List any other special qualifications or skills (i.e., *chauffeur, Pilot,* Paramedic, registered nurse, radio operator, etc.) you have that would enhance your qualifications as a contract guard. If licensed, please state issuing authority, license number, and date of expiration.

_____
_____
_____
_____
_____
_____
_____
_____

## EMPLOYMENT HISTORY

*INSTRUCTIONS.- If you are currently employed, complete Section A of the attached employment history worksheet. If your answer to Items 31 and 32 is yes, or you are retired, please provide this additional work experience information in Section B of the attached employment history worksheet. Also list in Section B any other work experience in the law enforcement area which would qualify you for a contract guard position.*

30. Current work status *(check one):*
  ☐ Employed Full Time   ☐ Employed Part Time   ☐ Unemployed   ☐ Retired

31. Have you ever been employed by the Federal Government?   ☐   ☐

32. Have you ever been employed by a state or local government?   ☐   ☐

33. List any special training you have received in law enforcement that would qualify you for a contract guard position:

| COURSE OR TYPE OF TRAINING | SCHOOL/PLACE OF TRAINING | DATES OF TRAINING | CERTIFICATE/COURSE CREDIT RECEIVED |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

-6-

34. Space for detailed answers and continuation of information:

Question
No.

Answer/Comment

—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————
—————     —————————————————————

USM-234
Rev. 2/90
Automated 01/01

34. Space for detailed answers and continuation of information (Continued):

| Question No. | Answer/Comment |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

## SIGNATURE AND CERTIFICATION STATEMENT

Read the following carefully before signing this certification. A false answer to any question in this statement may be grounds for not contracting with you or invalidating your contract after you begin work and may be punishable by fine or imprisonment *(U.S. Code Title 18, Section 1001).*

I have completed this statement with the knowledge and understanding that any or all items contained herein may be subject to investigation and I consent to the release of information concerning my capacity and fitness by employers, educational institutions, law enforcement agencies, and other individuals and agencies, to duly accredited investigators, and other authorized employees of the Federal Government for that purpose.

CERTIFICATION: I certify that all of the statements made by me are true, complete, and correct to the best of my knowledge and belief, and are made in good faith.

_____        _____
Signature *(sign in ink)*                                    Date

-8-

USM-234
Rev. 2/90
Automated 01/01

May inquiry be made of your present employer regarding your character and record of employment? (A "NO" will not affect your consideration for a guard contract).

|  | YES | NO |
|---|---|---|
|  | ☐ | ☐ |

| Name and address of employer's organization | Dates employed *(month & year)* | | Avg. No. Hrs. per week |
|---|---|---|---|
| | From _____ To _____ | | _____ |
| | Salary or earnings | | |
| |    Beginning  $_____ per _____ | | |
| |    Ending  $_____ per _____ | | |

| Exact Title of Your Position | Name of Immediate Supervisor | Area Code   Telephone No. | No. Employees supervised _____ |
|---|---|---|---|
| Kind of Business | | If Federal Service, give series, grade or rank | |

Description of work *(Describe your specific duties, responsibilities and accomplishments in this job)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**B. OTHER EMPLOYMENT** List *most recent employment history first*

| Name and address of employer's organization | Dates employed *(month & year)* | | Avg. No. Hrs. per week |
|---|---|---|---|
| | From _____ To _____ | | _____ |
| | Salary or earnings | | |
| |    Beginning  $_____ per _____ | | |
| |    Ending  $_____ per _____ | | |

| Exact Title of Your Position | Name of Immediate Supervisor | Area Code   Telephone No. | No. Employees supervised _____ |
|---|---|---|---|
| Kind of Business | | If Federal Service, give series, grade or rank | |

Description of work *(Describe your specific duties, responsibilities and accomplishments in this job)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

Reason for leaving

USM-234
Rev. 2/90
Automated 01/01

**C. OTHER EMPLOYMENT** (List *most recent employment history first*)

| Name and address of employer's organization | Dates employed *(month &year)*<br><br>From _____  To _____ | Avg. No. Hrs. per week<br><br>_____ |
|---|---|---|

Salary or earnings
 Beginning  $_____ per _____
 Ending     $_____ per _____

| Exact Title of Your Position | Name of Immediate Supervisor | Area Code  Telephone No. | No. Employees supervised |
|---|---|---|---|

| Kind of Business | If Federal Service, give series, grade or rank |
|---|---|

Description of work *(Describe your specific duties, responsibilities and accomplishments in this job)*

Reason for leaving

**Name**  *(Type/Print))* _____

**Signature** _____  **Date** _____

- 10-

USM-234
Rev. 2/90
Automated 01/01