THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* RAYMOND BURK | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 3:05-CV-629 WHB-AGN |
| | ) | |
| v. | ) | |
| | ) | **UNITED STATES' OPPOSITION** |
| AKAL SECURITY INC., d/b/a AKAL | ) | **TO RELATOR'S MOTION TO** |
| SECURITY SERVICES and JOHN DOE | ) | **APPROVE SETTLEMENT** |
| INDIVIDUALS and CORPORATIONS 1-25 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO RELATOR'S MOTION
TO APPROVE SETTLEMENT**

The United States of America respectfully urges the Court to deny Relator Raymond

Burk's Motion to Approve Settlement for three reasons: (1) the False Claims Act, 31 U.S.C. §§

3729-3733, does not require the Court to "approve" the settlement before dismissing the case, but

rather requires the "written consent" of both the Court and the Attorney General; (2) the Attorney

General has not provided "written consent" to the settlement and consequently dismissal of the

case or approval of the settlement is premature; and (3) the remaining relief that the Relator

seeks, such as an award of attorney's fees and a percentage of the settlement proceeds, would

require evidentiary hearings that may not be necessary if the parties successfully reach agreement

on these issues.

In further support of its Opposition to the Motion to Approve Settlement, the United

1

States avers as follows:

## BACKGROUND

1.      This action was filed by Relator Raymond Burk pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, which allow a private party to bring a civil action on behalf of the United States government, and provide that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. 3730(b)(1).

2.      The United States declined to intervene in this case on July 20, 2006. Subsequent to the United States' Notice of Declination (Doc. 3), the Court issued its Order on Procedure Following Declination by the United States, which provided that "should the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States before ruling or granting its approval." (Doc. 5).

3.      On April 5, 2007, after a court-ordered settlement conference, Magistrate Judge Anderson issued an Order of Dismissal in this case. (Doc. 42).

4.      On April 19, 2007, the United States filed a Motion for Reconsideration of the Order of Dismissal (Doc. 43), which argued that the dismissal of this action was premature because the Attorney General did not give his "written consent to the dismissal [or his] reasons for consenting," as required by the False Claims Act. 31 U.S.C. § 3730(b)(1). The Relator informed counsel for the United States that he does not object to the Motion for Reconsideration.

5.      Despite not objecting to the United States' Motion for Reconsideration, the Relator filed a Motion to Approve Settlement (Doc. 44) on April 23, 2007. The Motion to Approve Settlement asks the Court to (1) "approve" the settlement of this civil action, (2) award

2

the Relator thirty percent (30%) of the settlement proceeds, and (3) additionally award the

Relator the amount of attorney's fees and costs that were negotiated between the Relator and

Defendant Akal Security, Inc. ("Akal") (Doc. 44 at 3).  The Motion to Approve Settlement was

not accompanied by any exhibits, affidavits or other forms of evidence.

      6.     The Court has not held any evidentiary hearings in this case, and has never

considered any evidence as to the amount of the Relator's costs and fees, his entitlement to have

them paid, or his purported entitlement to 30% of the settlement proceeds.

## ARGUMENT

      7.     The Relator's Motion to Approve Settlement should be denied because the False

Claims Act does not require the Court to "approve" a settlement before dismissing a declined *qui*

*tam* action, but rather requires both the Court and the Attorney General to give their "written

consent" and their "reasons for consenting."  31 U.S.C. § 3730(b)(1).  The United States

respectfully suggests that the Court should not consent to dismissal of this action unless and until

the Attorney General provides his "written consent to the dismissal [and his] reasons for

consenting," as required by the False Claims Act.  Counsel for the United States informed the

Court at the April 5, 2007 settlement conference, as well as in its Motion for Reconsideration,

that he does not have authority to consent to any proposed settlement on behalf of the Attorney

General, but that he would expeditiously inform the Court of the Attorney General's position

once it is obtained.

      8.     The consent of the Attorney General will depend upon a number of factors, some

of which have not yet been negotiated between the parties and the United States (such as the

Relator's share).  Accordingly, the Court's "approval" or consent to dismissal would be

premature.  Though the United States is not a party to this declined *qui tam* action, the United

States is the "real party in interest" because the Relator brought this action on behalf of the

United States.  United States ex rel. Laird v. Lockheed Martin Engineering and Science Services

Co., 336 F.3d 346, 357 (5th Cir. 2003).  The United States will receive the majority of any

financial settlement, 31 U.S.C. § 3730(d)(2), and has numerous interests in the content of any

eventual settlement agreement.  The United States urges the Court to allow the parties and the

United States time to negotiate all outstanding issues.  If the parties fail to reach agreement, any

remaining issues can be the subject of future hearings and eventual determination by the Court.

      9.     The United States also urges the Court to deny the Relator's other requests – to

award the Relator thirty percent (30%) of the settlement, and additionally to award the Relator

reasonable attorney's fees and costs – because both requests would require the Court to conduct

evidentiary hearings that may be unnecessary if the parties successfully negotiate and settle the

outstanding issues.  The amount of the Relator's "reasonable" costs and fees, as well as his

purported entitlement to have them paid, is an issue of empirical inquiry that would require the

Court to hold an evidentiary hearing and examine the basis for those costs and fees.  Similarly, a

judicial determination of the "reasonable" amount of the award to the *qui tam* plaintiff under 31

U.S.C. § 3730(d)(2) would require the Court to hear evidence regarding a variety of areas, such

as (1) the extent of the Relator's cooperation with the government investigation, (2) the

specificity and helpfulness of the Relator's mandatory "written disclosure of . . . material

evidence," 31 U.S.C. § 3730(b)(2), (3) the extent of the Relator's knowledge of the alleged

wrongdoing, (4) the Relator's commitment to not harming the United States' interests by seeking

excessive counsel fees or whistleblower compensation, (5) the amount of time and effort spent by

the Relator litigating the case, (6) whether the Relator's proposed settlement adequately defends the financial interests of the United States in this matter, etc.  These sorts of inquiries would be time-consuming and a waste of judicial resources in a case such as this, where the parties and the United States have indicated a willingness and a desire to negotiate all outstanding issues between them without resorting to further judicial intervention.

## CONCLUSION

10.    For the foregoing reasons, the United States respectfully urges the Court to deny the Motion to Approve Settlement.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

Joyce R. Branda
Dodge Wells
Michael J. Friedman
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261, Ben Franklin Station
Washington, D.C.  20044
ATTORNEYS FOR THE UNITED STATES[1]

---

[1] The United States Attorney and all Assistant United States Attorneys for the Southern District of Mississippi are recused from this case.

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, a copy of the foregoing was served via first class mail and/or the court's electronic filing system to:

David Dunbar
Dunbar Monroe, PLLC
1855 Lakeland Drive
Suite R-201
Jackson, MS 39216

Kenneth E. Milam (MSB #3261)
WATKINS & EAGER PLLC
400 East Capitol Street, SUITE 300
Post Office Box 650
Jackson, MS 39205-0650

James E. Perschbach
Julia M. Rendon
BRACEWELL & GIULIANI, LLP
80 One Alamo Center
106 South St. Mary's Street
San Antonio, TX 78205

Thomas O. Mason, Esq.
Francis E. Purcell, Jr., Esq.
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, VA 22102

_____
Michael J. Friedman

6